---

## DENVER, S. P. & P. R. R. CO. v. REED.

*(Supreme Court of Colorado, Dec. Term, 1882—Appeal from the County Court of Chaffee County).*

RAILROAD COMPANY—NOT BOUND FOR AMOUNT DUE BY CONTRACTOR. In the absence of any contract, express or implied, a railroad company is not bound for the price of labor done on the road for a contractor.

STONE, J. Appellee sued to recover for work done in grading a portion of the road of the appellant railroad company.

At the trial, which was had to the Court without the intervention of a jury, Reed, the appellee, testified, that he did work in clearing and grading a portion of the road of appellant under a sub-contract with one Van Gorder, who had a contract from the railroad company; that his (appellee's) work amounted to something over $200; that he was paid by L. H. Eicholtz the sum of $108.30 upon the engineer's estimate of said work, leaving a balance due of $96, for which this suit was brought; and that Mr. Eicholtz verbally promised him that he would pay the balance; that no memorandum of such promise was made in writing; that the appellant company was

not a party to the contract between appellee and Van Gorder for the work done, and that no lien was filed therefor on the property of the company.

J. J. Shaeffer testified, that he was superintendent for Van Gorder, and that he made the contract with appellee for Van Gorder; that Col. Eicholtz paid other men who worked under Van Gorder's contract; that Van Gorder stopped work, and his contract was taken off his hands by the railroad company; that the work of appellee was done before Van Gorder quit his contract; that Eicholtz paid the laborers upon Van Gorder's pay roll; that the money paid was charged to Van Gorder; that the amount paid each man was marked paid on Van Gorder's books, and that Col. Eicholtz took Van Gorder's receipt for the money so paid, in favor of the railroad company.

C. F. Dunsbar testified, that he was Van Gorder's clerk and book-keeper, and that Van Gorder gave his receipt to Eicholtz in favor of the appellant company for the $108.30 paid to appellee.

Col. L. H. Eicholtz testified, that at the time he paid the money to appellee he held no office whatever in the railroad company, but was president of a construction company which was the principal contractor for the building of the appellant's road; that at the time of taking the contract off the hands of Van Gorder, a settlement was had and it was supposed that a sum amounting to between five and six thousand dollars was due to Van Gorder; that the company desired that the laborers and material men should be paid as far as this money would go; that witness was sent by the company to settle with Van Gorder; that Van Gorder agreed that the men should be paid as proposed, gave witness his pay roll, directed him to pay the money, and gave his receipt for the amount; that appellee's share of that money was $108.30, which was paid him; that it was afterwards ascertained that by these payments Van Gorder was, in fact, overpaid $3,500; that appellee had no contract with appellant, and that the latter was not a party to the contract between appellee and Van Gorder; that the money was paid at the request of Van Gorder; that the receipt witness took therefor stated that Van Gorder had received of the railroad company $108.30, paid to James Reed, and witness entered in his

memorandum book, "Paid James Reed $108.30, on account of Van Gorder," and endorsed the amount paid on the engineer's statement.  Witness Eicholtz further swears positively that he never at any time made any promise whatever to pay appellee the balance in any way; that he had no authority from the appellant company to settle the claims of any of the sub-contractors, material men or laborers, but was merely instructed to see that the money supposed then to be due Van Gorder should be paid to these men as far as the same would go.

This was all the material testimony in the case.

The Court thereupon rendered judgment in favor of appellee for $96, the amount sued for.

Error is assigned upon the refusal of the Court to grant a nonsuit, the refusal to grant a new trial, and in rendering judgment for appellee.

We need only consider the error predicated upon the judgment.

From the evidence it is clearly apparent that there was no contract between the parties to the suit, upon which to base the action.  Nor could the action rest upon the promise alleged to have been made by the witness Eicholtz.  There was no evidence of such promise except the testimony of the appellee, and this was denied positively *in toto* by Mr. Eicholtz, who also as unequivocally denies that he had any authority to make such a promise on behalf of appellant, or even to settle with appellee.

There being no evidence of any liability on the part of the railroad company to the appellee, there was no cause of action against it, and no ground for the judgment to stand upon.

*Judgment reversed.*

*Ex parte H. C. Dillon,* for appellant.