[No. 6857.]

HIGHLAND DITCH COMPANY v. UNION RESERVOIR COMPANY.

1. WATER RIGHT—*Appropriation*—The diversion and storage of water without applying it to any beneficial use is not an appropriation.

2. PRACTICE IN SUPREME COURT—*What May Be Assigned for Error* —Error not affecting the right of the complaining party is not fatal. Where the controversy between the parties to an appeal relates solely to their respective rights to store water in reservoirs, error alleged in an award to a third person, under Mills' Stat. sec. 2270 (Rev. Stat. 3202) has no relevancy to the right of either party.

3. ——*Right of Parties Not Before the Court*—Where an appeal is taken from a decree adjudicating priorities to the use of water, questions affecting the rights of parties below who are not parties to the appeal will not be considered.

4. ——*Judgment*—A decree awarding priorities to the use of water for irrigation reversed, with directions to the court below to allow the introduction of further evidence, and that the evidence already taken, so far as relevant, should be considered by the court at the further hearing, or by the referee if one should be appointed.

*Appeal from Boulder District Court.*—Hon. JAMES E. GARRIGUES, Judge.

Mr. JACOB S. SCHEY and Messrs. GOUDY & TWITCHELL, for appellant.

Mr. F. P. SECOR and Mr. GRAY SECOR, for appellee.

Mr. DELPH E. CARPENTER, Mr. HERBERT M. BAKER and Mr. L. R. RHODES, *Amici Curiae.*

Mr. JUSTICE GABBERT delivered the opinion of the court:

The Union Reservoir Company instituted proceedings for the adjudication of rights to the use of water for irrigation and storage in Water District No. 5. A referee was appointed, who heard the evidence, which was reduced to writing and reported to the court, together with findings of fact based thereon, and a proposed decree. The report and proposed decree were confirmed. From this decree The Highland Ditch Company appeals, in so far as it adjudicates its priorities and those of The Union Reservoir Company.

The Ditch Company owns the McIntosh reservoir, which is a part of its irrigation system. The Union Reservoir Company owns the Union reservoir. The decree awarded the Reservoir Company a priority for reservoir purposes in advance of the priority awarded the Ditch Company for storage in its McIntosh reservoir. In this respect the appellant claims the decree is erroneous. From the record before us, we think it is, for the reason that the testimony is insufficient to sustain

the decree for the priority awarded the Union reservoir to its full extent. Possibly, the testimony might sustain a part of the volume awarded, but we do not deem it advisable to go into that question at this time. It is unnecessary to enter into a discussion of the evidence further than to state that possibly, excepting a portion of the volume awarded, it appears that appellee has never applied the water stored in its reservoir to the irrigation of lands. Diversion and storage are not sufficient to constitute an appropriation. In addition, the water so diverted and stored must be beneficially applied; that is, in this instance, it must have been applied to lands for the purposes of irrigation.—*Wood v. Sargeant,* 43 Colo. 268; *Fort Morgan Land and Canal Co. v. South Platte D. Co.,* 18 Colo. 1; *Thomas v. Guirard,* 6 Colo. 530; *Farmers' High Line C. & R. Co. v. Southworth,* 13 Colo. III; *Seiber v. Frink,* 7 Colo. 148; *Wheeler v. Northern Colorado Irr. Co.,* 10 Colo. 582.

The decree awarding a priority to the McIntosh reservoir provided that sufficient water should be permitted to flow from the source of supply into the reservoir to satisfy the volume of the priority when "not needed for immediate use for domestic or irrigation purposes." Presumably, this part of the decree is based upon section 2270, Mills' Stats., which provides that persons may take and store unappropriated water from natural streams "not needed for immediate use for domestic and irrigating purposes." Counsel for appellant contend that this section is unconstitutional. Able briefs have been filed by counsel for the respective parties on this subject, and also by council *amici curiae,* but that question is not involved in this appeal. The contest between the appellant and appellee is their respective rights to the storage of water in reservoirs; so that the portion of the decree to which appellant objects can not in any manner affect its rights as against the appellee.

Again, it is apparent that other rights were adjudicated in the statutory proceedings. These parties are not before us,

and we should not determine a question which might affect their rights.

On behalf of appellant it is urged that from the evidence it appears the intake ditch of the appellee is not of sufficient capacity to carry the volume awarded the latter. Other propositions are, also, urged upon our attention by appellant in support of its contention that the decree of the district court is erroneous. These several propositions relate principally to questions of fact. As the decree must be reversed for the reason already given, and the cause remanded for further hearing, they can be determined, so far as permissible, at such hearing.

The judgment of the district court fixing the dates of the priorities of the parties to this appeal and the volume awarded the appellee, is reversed and the cause remanded, with directions to permit the parties to introduce such further competent evidence as they may be advised. At such further hearing so much of the testimony already taken and reported by the referee as may be material and relevant may be considered by the court or referee, if one should be appointed. From the testimony thus considered, let a decree be entered fixing the relative rights and priorities of the parties to this appeal.

As noted, other rights were adjudicated by the decree. To what extent such decree will limit the rights of the parties to this appeal, or must be considered at the hearing ordered, we express no opinion, as that proposition has not been argued by counsel.          *Reversed and Remanded with directions.*

Decision *en banc*.

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES not participating.