## No. 10,117.

### PETERSON *v.* SPEARS, ET AL.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Action in damages for alleged wrongful attachment. Judgment for defendants.

### *Reversed.*

1. ATTACHMENT—*Damages.* In an action for damages alleged to have been occasioned by wrongful attachment, expenses incurred in relation to the defense of the main action are not recoverable.

2. PLEADING—*Demurrer—Waiver.* Where a demurrer on the ground of ambiguity is overruled and defendant answers, he thereby waives the demurrer.

3. TRIAL—*Demurrer—Dismissal.* On the trial of a cause where defendant objected to the introduction of any evidence and moved to dismiss the action, it was error for the court to sustain a demurrer theretofore filed and overruled, and dismiss the action.

4. PLEADING—*Complaint—Ambiguity—Sufficiency.* It is error to dismiss a complaint, which although ambiguous, nevertheless states a cause of action.

*Error to the District Court of Lincoln County, Hon. Arthur Cornforth, Judge.*

Mr. HENRY TROWBRIDGE, for plaintiff in error.

Messrs. STRACHAN, TURNER & CARRUTHERS, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for an alleged wrongful attachment. Judgment for defendants, and plaintiff sues out this writ of error.

The complaint alleges, in substance, that the defendants, Charles T. Spears and others, sued the plaintiff, Hans Peterson, to recover upon an alleged indebtedness, and

attached the money which plaintiff had on deposit in a bank; and that upon a trial of the case upon its merits and upon the issues made by the affidavit in attachment and the traverse, the attachment was dissolved and judgment was rendered for plaintiff.

It is admitted in the complaint that the defendants have paid the costs accruing in the original action and also such damages as plaintiff sustained by reason of having been deprived of the use of the money attached. The plaintiff now seeks to recover other elements of damage, including attorney fees, expenses of travel and of the procurement of the attendance of witnesses.

From the allegations of the complaint it appears that the affidavit in attachment filed in the original action alleged, as grounds for attachment, that plaintiff here, who was defendant there, was about to depart from the state with intent to remove his property therefrom, and was about to remove such property from the state with intent to hinder, delay or defraud his creditors. Such being the grounds for attachment, it was not necessary to try the original action on its merits in order to determine whether the grounds for attachment could be established. The attachment was ancillary. Expenses incurred in relation to the defense of the main action, in which the attachment was sued out are not recoverable. 6 C. J. 543.

It cannot be determined from the complaint how much of the damage alleged was caused by the attachment and what amount of the expenses alleged was incurred by reason of making a defense to the main action. For this reason the complaint is ambiguous, and the demurrer to the complaint on that ground could have been properly sustained. Such a demurrer was, however, overruled. The defendants then filed an answer, and thereby waived the demurrer so far as it rests upon the ground of ambiguity.

The cause came on for trial, and defendants objected to the introduction of any testimony, and also moved to dismiss the action. The court then made an order "sus-

taining the demurrer," and dismissed the action. This was error. The demurrer having been waived by answer it was error to then sustain it. The complaint, though ambiguous, nevertheless stated a cause of action, since it appears therefrom that some of the expenses mentioned therein were incurred as the result of the attachment. The plaintiff was entitled to introduce evidence as to that matter. We find no ground on which the action could properly have been dismissed.

The judgment is reversed and the cause remanded for new trial.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.