## No. 10,649.

FIRST NATIONAL BANK OF WELLINGTON *v.* PRICENO.

Decided May 7, 1923.

Action on contract for services performed.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Evidence.*  The admission of testimony of a witness concerning information given plaintiff of promises of defendant, evidence of which had been received without objection, held not prejudicial to defendant, and not error.

2.  *Directed Verdict.*  Refusal of the court to direct a verdict is not error, there being an issue of fact which was submitted to the jury by proper instructions.

3.  *Instructions—Requests.*  Error may not be assigned on the failure of the court to give instructions for which no request was presented.

4.  *Fact Findings.*  A verdict based on conflicting evidence will not be disturbed on review.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. L. R. TEMPLE, for plaintiff in error.

Mr. FANCHER SARCHET, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendant in error had judgment against the plaintiff in error in an action upon an express contract for services in topping beets.

It appears from the record that one Heintz had mortgaged to the defendant bank fifty-two acres of sugar beets, and given it also an assignment of the proceeds of said beets. Heintz had engaged the plaintiff to top the beets. Being in doubt as to Heintz's ability to pay for the work, plaintiff went to the bank to inquire who was to pay for the work. Plaintiff testified that one Persons, the vice-president of the bank "told me to go to work, and that he would pay me for doing the work." This was before the work was begun. Heintz testified that he went with plaintiff to the bank where Mr. Hauptli, president of the bank, said to him that he would give him money to pay his grocery bill, and would pay the plaintiff for topping the beets. Roach, the manager of the sugar company, testified that, knowing that the bank had a mortgage on the beets, he consulted the president as to who was to pay for the topping, and that the president gave him assurances that the work would be paid for. The information thus acquired by Roach was communicated to Griffin, the field superintendent.

Error is assigned on the admission of the testimony of Griffin to the effect that he passed on to the plaintiff the information thus acquired from Roach. It is not disputed that the plaintiff did the work and he says he did it under an employment by the bank. By instruction 2, this question of employment is made the turning point of the case. Roach's testimony having been admitted, and there being no error assigned upon its admission, it is difficult to see how the testimony of Griffin, as above stated, could have prejudiced the defendant's case. It is only to the effect that he repeated to plaintiff the assurances that Roach testified he had received from the bank. Upon the question of the contract, this repetition could have no greater effect than did Roach's testimony, of which no complaint is made. There was no error in the admission of Griffin's testimony.

It is also urged that the court erred in not sustaining a motion for a directed verdict at the close of plaintiff's case,

and at the close of all the testimony.    As to the latter question, it is sufficient to say that the court submitted the case to the jury under an instruction which presented to them the exact question whether or not the work had been under an employment by the bank.    If the jury believed the plaintiff's testimony, the verdict was a natural consequence of such belief.    The court did not err in submitting the case to the jury.

It is urged also that the court erred in refusing to instruct the jury that plaintiff was seeking to recover upon a promise to pay the debt of another, and that such promise was void under the statute of frauds.    It does not appear from the record that any such instruction was requested.    Under such circumstances, a failure of the court to instruct is not error.

The other assignments present no new question, and call for no consideration.    The verdict having been returned upon conflicting evidence, and there being evidence to sustain it, it cannot be disturbed.

The supersedeas is therefore denied and the judgment affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.