## No. 11,196.

### BERNSTEIN v. SIMON.

Decided April 6, 1925.

Action for damages for malicious prosecution. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. MALICIOUS PROSECUTION—*Tort-Feasors—Liability.* In an action for damages for malicious prosecution, the liability of joint tortfeasors is joint and several, and the judgment may be against one, more, or all of them.

2. ACTIONS—*Damages—Partnerships.* In an action for damages by a partner individually, the damages recoverable cannot include those which are sustained by the firm.

3. MALICIOUS PROSECUTION—*Damages—Expenses.* In an action for malicious prosecution, the successful plaintiff is entitled to recover his expenses incurred in defending against the criminal prosecution, and this is true although some one else, e. g., his firm, paid them for him.

4. *Good Character.* In an action for malicious prosecution, good character being presumed, the plaintiff is not obliged to allege or prove it at the trial.

5. *Evidence—Newspaper Publication.* In an action for malicious prosecution for causing the arrest of plaintiff, the fact of publication of notice of the arrest is admissible in evidence against

defendant, notwithstanding his contention that he did not procure the publication.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. S. S. PACKARD, Mr. WILLIAM T. BURRIS, Mr. BENJ. F. KOPERLIK, for plaintiff in error.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. A. T. STEWART, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for malicious prosecution. There was a directed verdict for defendant, and, upon the overruling of a motion for new trial, judgment was entered accordingly. The plaintiff has sued out this writ, and applies for a supersedeas.

The action was originally instituted by Sam Bernstein, plaintiff in error here, against Herman Simon, the defendant above mentioned, and one Ferdinand Klein. The cause is here after a second trial. The case was dismissed as to Klein at the conclusion of plaintiff's evidence at the first trial. The plaintiff then obtained a verdict against the defendant Simon, in the sum of $2,550. Simon obtained a new trial, at which he prevailed, and plaintiff Bernstein brings the case here.

The defendant in error contends, in effect, that even if the court directed a verdict in his favor upon grounds that should not be upheld the judgment is nevertheless correct because, as he claims, the case should have been dismissed as to him when it was dismissed as to his codefendant Klein. His argument is, in substance, that the plaintiff having pleaded a joint tort against both defendants

could not dismiss as to one and then proceed against the other as having committed a separate tort. Whatever the argument is, or may be, the contention cannot be sustained. The liability of joint tort-feasors in cases of this kind is joint and several. 26 Cyc. 68. And the judgment may be against one, more, or all joint tort-feasors. *Albright v. McTighe,* 49 Fed. 817. See also *American Smelting & Refining Co. v. Hicks,* 65 Colo. 146, 172 Pac. 1055, L. R. A. 1918F, 302, and cases there cited.

The errors assigned relate to the court's directing a verdict for defendant upon the theory that the evidence did not show any damage to plaintiff.

The plaintiff's evidence shows defendant guilty of the tort charged. It is to the effect that defendant induced one Fred Butters, a boy then fifteen years of age, to sign and swear to a complaint, before a justice of the peace, charging the plaintiff, Sam Bernstein, together with one Abe Bernstein, with the crime of grand larceny. It appears that upon a preliminary hearing the defendants, in the criminal proceeding, were discharged. The alleged malicious prosecution involved also the issuance of a search warrant, and the search of a place of business in the execution of the warrant.

One of the items of damages claimed by plaintiff is the sum of $450 for injury to property in connection with the execution of the search warrant. The proof showed that the property damaged, if any, was the property, not of the plaintiff individually, but of a partnership of which plaintiff was a member. The trial court held that plaintiff could not recover damages for injury to such property. This holding was correct. This is an action by the partner individually, and in such actions the damages recoverable cannot include those which are sustained by the firm. *Burdick on Partnership* (3d Ed.) p. 173; *Duffy v. Gray,* 52 Mo. 528.

The complaint alleged, as damages sustained, that plaintiff paid $100 in costs and counsel fees in defending himself in the criminal proceeding. The trial court took this

item also from the jury because plaintiff's firm paid such costs and fees. In this ruling the court erred. It was the plaintiff as an individual who was proceeded against criminally, and expenses incurred in his defense were his loss and not the loss of his firm. He was entitled to recover attorney's fees. 26 Cyc. 63. He was entitled to recover them even if some one else, for example, his firm, had paid them for him. *Krug v. Ward,* 77 Ill. 603; 18 R. C. L. 71, § 54.

The plaintiff in error contends that the court erred in directing a verdict for defendant, on the ground that no damage was proven, when the complaint alleges that plaintiff "has been injured in his good name and reputation to his damage in the sum of $5,000," and the evidence shows that a newspaper printed accounts of his arrest. This contention is sustained. The defendant in error attempts to support the ruling of the trial court by stating that plaintiff did not allege that he "ever had a good name and reputation." Good character being presumed, plaintiff was not obliged to allege it. Neither was he required to adduce proof of it at the trial. The defendant in error argues that he did not procure the publication in the newspaper. The fact of publication, nevertheless, is admissible against him. In *Grimes v. Greenblatt,* 47 Colo. 495, 509, 107 Pac. 1111, 1117, this court said: "The publication of an arrest in a newspaper is a probable consequence of the arrest, and such publication may be shown in evidence to aid the jury in estimating the damages sustained."

In *Minneapolis Threshing Machine Co. v. Regier,* 51 Neb. 402, 407, 70 N. W. 934, 936, it was said: "Such a publication is a natural and probable consequence, and a direct consequence of the institution of the prosecution."

For the reasons above indicated, it was error to direct a verdict for defendant. The application for a supersedeas is denied. The judgment is reversed and the cause remanded for new trial.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.