(No. 5988.   June 22, 1933.)

JOHN RANDALL, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellant.

[23 Pac. (2d) 319.]

J. H. Felton, for Appellant.

Thomas A. Feeney, for Respondent.

MORGAN, J.—July 27, 1931, Fendel Whaley commenced action against John Randall and caused summons to be issued therein and personal service thereof to be made on the defendant in Idaho. Prior to the commencement of the action Randall, anticipating it would be commenced, arranged with an attorney to represent him and, August 15, 1931, the attorney appeared in the case for his client. August 27, 1931, Whaley caused a writ of attachment to be issued and levied on real property of Randall. To procure the issuance of the writ, an undertaking was given, executed by appellant in this case as surety. August 29, 1931, the

attorney for Randall filed a motion and notice of motion to dissolve the attachment and to increase the bond on attachment. These motions were abandoned and the notices thereof vacated by the attorney. The trial of the case resulted in judgment in favor of Randall and against Whaley for costs in the sum of $21.

This action was commenced by Randall against the surety on the attachment bond, appellant herein, to recover the $21 costs awarded in his favor, and $179 which he expended in the employment of the attorney. The trial was to the court, without a jury, and resulted in judgment for plaintiff, Randall, for $200 and costs. This appeal is from that judgment.

It was stipulated that, prior to the trial, appellant tendered to respondent $21 the amount of the costs sued for. However, no reference to the tender appears in the answer, nor was a deposit in court made as contemplated by Idaho Code Annotated, sec. 12–110. No offer was made by appellant to allow judgment to be given against it for the amount it admitted itself to be indebted to respondent, as provided for in sec. 12–301, so that the stipulation with respect to a tender can have no bearing on the question here under consideration, other than as an admission on appellant's part of its liability for the $21 costs awarded to respondent in the attachment case.

The question presented is as to respondent's right to recover money necessarily expended by him in the employment of an attorney to defend against the action in which his property was attached.

The contract to indemnify, expressed in the undertaking, is:

"Now, therefore, the undersigned surety company, in consideration of the premises, and of the issuing of said attachment, does undertake, in the sum of Two Hundred Dollars, gold coin, and promise to the effect that if said defendant recover judgment, or if said attachment be wrongfully issued, in said action, the said plaintiff will pay all costs that may be awarded to the said defendant, and all damages

he may sustain by reason of said attachment not exceeding Two Hundred Dollars.''

Respondent relies on *Moseley v. Fidelity etc. Co. of Maryland,* 33 Ida. 37, 189 Pac. 862, 865, 25 A. L. R. 564. The facts of that case distinguish it from this. Recovery against the surety on the undertaking on attachment in that case, including attorney's fees necessarily paid in defending against the action wherein the writ was issued, is based on the facts recited in the last paragraph of the opinion, as follows:

''The plaintiff and defendant in the attachment suit were both residents of Chicago at the date of the commencement of the action. By coming into the courts of this state to bring his action, plaintiff could obtain no substantial relief against respondent except by the attachment proceeding. The attachment proceeding alone was the cause of bringing respondent into the Idaho court to defend. Having been compelled to try the case on its merits in order that he might purge his property of the attachment lien, he should recover, as proper damages, his necessary expenses, costs and attorney's fees in defending the attachment suit.''

In the action wherein the writ of attachment involved in this case was issued the defendant, respondent here, was served with the summons, personally, in Idaho, and it was necessary for him to appear and defend or a judgment by default would have been taken against him, which would have been a lien on his property and rendered it subject to execution sale. Recognizing this necessity, he employed counsel to protect his interests in that case before the writ of attachment was issued. There is no showing that the expense of employing counsel was incurred because of the attachment, nor that it would not have been incurred had no attachment been levied. The stipulation in the undertaking is that appellant, the surety named therein, undertakes that ''plaintiff will pay all costs that may be awarded to said defendant, and all damages he may sustain by reason of said attachment, . . . . '' and it does not appear that said defendant, respondent herein, sustained any damage by reason of

said attachment. (See *St. Joseph Stock Yards Co. v. Love,* 57 Utah, 450, 195 Pac. 305, 25 A. L. R. 569. A note is appended to this case in A. L. R. in which a large number of authorities are cited and discussed. (See, also, *Java Cocoanut Oil Co. v. Fidelity & Deposit Co.,* 300 Fed. 302; *Soule v. United States Fidelity & Guaranty Co.,* 82 Cal. App. 572, 255 Pac. 886; *Miramonte & Louedestal Co. v. National Surety Co.,* 91 Cal. App. 64, 266 Pac. 576; *Peterson v. Spears,* 72 Colo. 40, 209 Pac. 509; *Elsman v. Glens Falls Indemnity Co.,* 146 Misc. 631, 262 N. Y. Supp. 642; 6 C. J. 544, sec. 1335.)

The cause is remanded and the trial court is directed to modify the judgment appealed from so as to award to plaintiff, John Randall, judgment against defendant, United States Fidelity & Guaranty Company, a corporation, in the sum of $21, without costs (I. C. A., sec. 12–102).

The judgment, so modified, is affirmed. Costs on appeal are awarded to appellant.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.