**SUSSEX REAL ESTATE CORPORATION, a Colorado Corporation, Plaintiff-Appellant,**

v.

**Nicola SBROCCA, Landon N. Mallery, Individually, and Great Eastern Development Corporation, a Colorado Corporation, Defendants, Third-Party Plaintiffs, Counterclaimants-Appellees,**

and

**David F. DARWENT, Individually, Defendant and Counterclaimant,**

v.

**George B. DOLAN, Jr., Third-Party Defendant-Appellant,**

and

**Judith Whitaker, Third-Party Defendant.**

No. 79CA0287.

Colorado Court of Appeals, Div. III.

April 30, 1981.

Rehearing Denied June 25, 1981.

Miller & Gray, P.C., William R. Gray, Boulder, for plaintiff-appellant and third-party defendant-appellant.

Caplan & Earnest, Alexander Halpern, Boulder, for defendants, third-party plaintiffs, and counterclaimants-appellees.

KELLY, Judge.

Sussex Real Estate Corporation brought this action against defendants, Nicola Sbrocca, Landon N. Mallery, and Great Eastern Development Corporation for breach of a real estate commission contract and misrepresentation. The defendants counterclaimed, joining George B. Dolan, Jr. and Judith Whitaker as third-party defendants, for negligence and slander of title. After a trial to a jury, a verdict was returned against Sussex on all of its claims, and in favor of the defendants and against Sussex and Dolan on the counterclaims. Sussex and Dolan argue that there was insufficient evidence to support the verdict and that the amount of damages was improper. We affirm.

In June 1976, the owner of an apartment building entered into an open listing agreement with Sussex, giving Sussex the right to list the building for sale. This agreement expired in December 1976. In February 1977, Mallery, a salesman with Sussex

and a 25% shareholder in Great Eastern, went to Whitaker, the listing agent at Sussex stating that he knew of a buyer for the apartment building. That buyer was Great Eastern.

Mallery, unaware of how properly to disclose his position in Great Eastern, sought and obtained the assistance of Sussex personnel in preparing the contract. At the suggestion of the sales manager of Sussex, the statement "Landon N. Mallery is a licensed real estate salesman in the State of Colorado" was included in the contract to provide disclosure. The Sussex policy manual also suggested that such wording would be sufficient disclosure. Moreover, Dolan, the real estate broker of Sussex, had informed Mallery that it was not necessary for him to disclose any position he might have in a corporate buyer.

The seller and Great Eastern entered into a contract for the purchase of the building. Later, when the seller learned of Mallery's position in Great Eastern, it informed Sussex that it considered the contract void because of the inadequate disclosure of Mallery's role, and demanded a full release of the contract and any claim to a commission by Sussex. Sussex and Great Eastern signed a release. The failure properly to instruct Mallery on disclosure is the basis for Great Eastern's negligence counterclaim against Sussex.

In the summer of 1977, after further negotiations with the seller, Great Eastern purchased the building at a higher price. It then began selling the apartments as condominium units.

Sussex filed this action against Great Eastern, Mallery, and Sbrocca, another shareholder in Great Eastern, alleging that they breached an oral contract in which they agreed to make Sussex the listing broker for the ultimate sale of the condominium units. Sussex also filed a notice of lis pendens on the condominium units. The lis pendens is the basis for the slander of title counterclaim.

### I.

■ Appellants contend that the negligence instruction submitted to the jury was incorrect, and that there was insufficient evidence to support the finding of negligence. Appellants did not raise objections to the negligence instructions at the trial level. Thus, their argument has not been preserved for appeal and will not be considered. *Caldwell v. Kats*, 193 Colo. 384, 567 P.2d 371 (1977).

### II.

■ The question whether the conduct of Sussex and Dolan was negligent is a question for the jury "when the evidence is such that different conclusions might be drawn by fair minded men as to whether negligence is shown." *Safeway Stores v. Langdon*, 187 Colo. 425, 430, 532 P.2d 337, 340 (1975). A directed verdict should be granted "only when the evidence has such quality and weight as to point strongly and overwhelmingly to the fact that reasonable men could not arrive at a contrary verdict." *Id.* The record discloses that Great Eastern and Mallery went to Sussex and Dolan for advice on how to handle Mallery's position with Great Eastern. The result of this advice was an inadequate disclosure which caused monetary damages to Great Eastern in requiring it to pay more for the building.

### III.

Appellants also argue that the jury improperly found them liable for slander of title in that there was no proof of malice nor of damage. We disagree.

■ Malice, an element of a slander of title claim, is an attempt to "vex, injure or annoy" the other party. *McNichols v. Conejos-K Corp.*, 29 Colo.App. 205, 482 P.2d 432 (1971). Malice is an issue for the jury. *Ling v. Whittemore*, 140 Colo. 247, 343 P.2d 1048 (1959). The dispute between Sussex and Great Eastern did not involve title to real property as is required for a notice of a lis pendens. C.R.C.P. 105(f). The evidence that a lis pendens was improperly filed and that it was filed when Great Eastern was in the process of selling the individual units was sufficient for the jury to find malice.

*Cf. Colorado Real Estate v. Sternberg, supra.*

## IV.

■ Counterclaimants also proved damages. In order to prevail in a slander of title case, a party must show that the damaging words were:

" 'uttered pending some treaty or public action for the sale of the property, and that thereby some impending purchaser was prevented from bidding or competing . . . . If the plaintiff has merely a general intention to sell . . . plaintiff does not suffer any damage from their utterance.' " *McNichols v. Conejos-K Corp., supra*, 29 Colo.App. at 210, 482 P.2d at 435, quoting *Zimmerman v. Hinderlider*, 105 Colo. 340, 97 P.2d 443 (1939).

Here, the counterclaimants clearly had more than a general intention to sell the units. The units were under contract of sale. These contracts were being closed and title conveyed to purchasers prior to and during the days immediately following the wrongful filing of the notice of lis pendens.

## V.

■ The damages awarded by the jury to counterclaimants for slander of title were the expenses incurred, including attorneys' fees, to have the notice of lis pendens lifted. Sussex and Dolan argue that attorneys' fees, in the absence of an agreement or statute, are not a recoverable damage.

Attorneys' fees have been recognized in Colorado as a proper item of damage in certain cases. They have been allowed in actions similar to slander of title actions. *Bernstein v. Simon*, 77 Colo. 193, 235 P. 375 (1925) (malicious prosecution action); *Peterson v. Spears*, 72 Colo. 40, 209 P. 509 (1922) (action to quash a writ of attachment); *Tabor v. Clark*, 15 Colo. 434, 25 P. 181 (1890) (action to quash an improperly issued injunction).

The *Restatement (Second) of Torts* § 633(1)(b) states:

"(1) The pecuniary loss for which a publisher of injurious falsehood is subject to liability is restricted to:

. . . .

(b) The expense of measures reasonably necessary to counteract the publication, including litigation to remove the doubt cast upon vendibility or value by disparagement."

*See also* W. Prosser, *Torts* § 128 at 922 (4th ed. 1971) which states:

"[Damages] would appear obviously to include the expenses of legal proceedings necessary to remove a cloud on the plaintiff's title, or other expenses to counteract the disparagement. . . ."

We hold that attorneys' fees are a proper measure of damages in an action for slander of title.

## VI.

■ Sussex also argues that the trial court erred in not ruling that the alleged contract which Sussex claims was breached by Great Eastern was supported by consideration. The record shows that the jury found that there was no contract and, therefore, did not have to reach the consideration issue. There is ample evidence in the record to support the jury's finding of no contract. *First National Bank v. Priceno*, 73 Colo. 334, 215 P. 139 (1923). The consideration question was never reached by the jury, and thus, if there was error by the trial court, it was harmless error. *See Highland Ditch Co. v. Union Reservoir Co.*, 53 Colo. 483, 127 P. 1025 (1912).

We have considered appellants' other assertions of error and find them to be without merit.

Judgment affirmed.

SMITH and KIRSHBAUM, JJ., concur.