**Walter R. FOUNTAIN, William G. Hoff, and Gregory C. Vernon, Plaintiffs-Appellees and Cross-Appellants,**

v.

**Francis A. MOJO, Jr., Defendant-Appellant and Cross-Appellee.**

**No. 81CA0858.**

Colorado Court of Appeals, Div. II.

April 19, 1984.
Rehearing Denied June 7, 1984.

Ireland, Stapleton & Pryor, P.C., James C. Ruh, John H. Evans, Susan N. Weller, Denver, for plaintiffs-appellees and cross-appellants, Fountain and Hoff.

Gregory C. Vernon, pro se.

Robert A. Francis, Aspen, for defendant-appellant and cross-appellee.

BABCOCK, Judge.

Following trial to the court, judgment was entered in favor of plaintiffs, Walter R. Fountain, William G. Hoff, and Gregory C. Vernon, and against defendant, Francis A. Mojo, Jr., awarding plaintiffs $2,368.27 on their claim for breach of a real estate sales contract. Judgment was entered in favor of defendant and against plaintiffs on defendant's counterclaim for slander of title. Defendant was awarded $1,839 in compensatory damages on this claim. In addition, the trial court concluded that defendant was entitled to attorney fees incurred in defending plaintiffs' claim of deceit based on fraud which was voluntarily dismissed at the close of plaintiffs' case. However, following hearing, the trial court found that defendant had failed to prove the actual amount of attorney fees incurred and refused to make an award.

On appeal, defendant contends that the trial court erred in determining that he had breached the contract, that the trial court improperly assessed damages with respect to plaintiffs' breach of contract claim, that the trial court incorrectly assessed defendant's damages on his claim for slander of title, and that the trial court erred by refusing to award attorney fees to defendant for defense of plaintiffs' claim for deceit

based on fraud. Plaintiffs Fountain and Hoff cross-appeal contending that defendant failed to prove his claim of slander of title and that the trial court erred in finding that their claim for deceit based on fraud was groundless. Plaintiff Vernon appears pro se but has not actively participated in this appeal. We affirm in part, reverse in part, and remand with directions.

## I. Facts

In the summer of 1978, defendant, a speculation builder, began construction of a single-family residence in Snowmass, Colorado. In November 1978, the plaintiffs, as buyers, and the defendant, as seller, entered into a contract for the purchase and sale of the residence. Closing was scheduled for December 15, 1978.

The contract provided that "[i]f any delay in closing is occasioned by the inability of the lender to process the loan, seller agrees to extend the closing date as required, provided said loan has been approved." It also contained a provision which required the defendant to provide plaintiffs access to the residence prior to the date of closing for the purpose of showing the property.

Shortly before closing, defendant was verbally notified that plaintiffs' loans had been approved. However, plaintiff Vernon's loan approval was subject to removal of certain liens on other property which was to be security for the loan. On the day of closing defendant informed the plaintiffs that he required written confirmation of the loan approvals; but on December 20, 1978, after having received the written confirmations, defendant locked the residence and went on vacation. The next day plaintiffs filed suit seeking damages for breach of contract including return of the earnest money paid at the time the contract was executed. Plaintiff Vernon, an attorney, also filed a notice of lis pendens with respect to the residence.

In January 1979, after defendant returned from vacation, he entered into a contract with a third person for the sale of the residence. Shortly thereafter, defendant discovered that plaintiffs had filed the notice of lis pendens. In order to complete the sale of the residence to the third person, plaintiffs and defendant entered into an agreement whereby defendant returned the earnest money paid and deposited $15,000 in an escrow account in exchange for a release of the notice of lis pendens. In connection therewith defendant incurred an attorney fee of $1,839.

From these facts, the trial court concluded that defendant breached the contract for sale by denying plaintiffs access to the residence. It also found that the notice of lis pendens was improperly filed, that its filing and release were attended by circumstances of malice, and concluded that plaintiffs were liable for slander of title.

## II. Breach of Contract

### A.

Defendant contends that the trial court erred in determining that he breached the contract. Instead, he claims that the plaintiffs breached the contract by failing to obtain proper approval of their loans. This claim is premised on the argument that the contract does not define with sufficient specificity the terms and conditions of the approval required in order to extend the closing. We disagree.

A written instrument must be examined and construed in accordance with the plain and generally accepted meaning of the words employed therein. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). Where there is a difference of opinion between the parties regarding the construction of an instrument, a construction which would cause the court to rewrite the parties' agreement will not be adopted. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, supra.* Instead, the court must enforce the contract as written.

Because the contract did not provide that the plaintiffs' loan approvals had to be unconditional, we decline to rewrite the contract to add this term. Therefore, we will not disturb the trial court's findings of fact, which are supported by the record, and its conclusions of law, which are cor-

rect. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

### B.

Defendant next contends that the trial court improperly determined the fair market value of the residence in calculating plaintiffs' damages measured by the difference between the contract price and the fair market value as of the date of breach. He also contends that the trial court improperly included the cost of airfare in its award.

■ Fair market value, the price the property could have been sold for under those circumstances where the owner was willing to sell and the purchaser was willing to buy, may be evidenced by the resale price of the property following the breach. *Sorenson v. Connelly,* 36 Colo.App. 168, 536 P.2d 328 (1975).

■ Here, the third party contract price for the residence was $192,500. This contract was executed during the first week of January 1979. It constituted sufficient evidence of the market value of the residence had the residence been conveyed to plaintiffs on January 15, 1979, the date on which the 30-day extension period would have expired. Accordingly, we affirm the trial court's holding with respect to this issue. *Medema Homes, Inc. v. Lynn,* 647 P.2d 664 (Colo.1982).

### C.

■ We agree, however, with defendant's contention that the trial court improperly awarded airfare as an item of damage. To be recoverable, special damages must have been within the reasonable contemplation of the parties. *Uinta Oil Refining Co. v. Ledford,* 125 Colo. 429, 244 P.2d 881 (1952); *Colo. J.I. 30:35 (2d ed.1980).*

■ Here, the airfare expense was incurred in connection with negotiation and execution of the contract. There was no evidence that recovery of this expense was within the reasonable contemplation of the parties. Therefore, it is not properly recoverable as special damages.

### III. Slander of Title

#### A.

Defendant contends that the trial court erred in failing to include in his award for slander of title an additional $500 in attorney fees and amounts of interest which accrued on the outstanding balance of his construction loan because of the delay of sale. In their cross-appeal, plaintiffs contend that defendant failed to prove his claim for slander of title.

■ The elements of the tort of slander of title are: (1) slanderous words; (2) falsity; (3) malice; and (4) special damages. *McNichols v. Conejos-K. Corp.,* 29 Colo. App. 205, 482 P.2d 432 (1971). In order to prevail in a slander of title action, a party must show that the words uttered have caused injury. *Zimmerman v. Hinderlider,* 105 Colo. 340, 97 P.2d 443 (1939); *Sussex Real Estate Corp. v. Sbrocca,* 634 P.2d 999 (Colo.App.1981).

*Restatement (Second) of Torts* § 632 provides that: "[T]he publication of an injurious falsehood is a legal cause of pecuniary loss if (a) it is a substantial factor in bringing about the loss...." Under the referenced subsection (a), liability for publication of the injurious falsehood accrues when the owner of the property incurs expenses in connection with legal proceedings necessary to remove the cloud cast upon his property by the publication. *Restatement (Second) of Torts* § 632, comment b.

■ Although Colorado case law indicates that legal causation in slander of title cases requires that a pending sale be prevented by publication of the injurious falsehoods, *Zimmerman v. Hinderlider, supra; Sussex Real Estate Corp. v. Sbrocca, supra,* we conclude that where; (1) the property is on the market for sale; (2) a notice of lis pendens is improperly filed; and (3) such filing is accompanied by malice, the expense of legal proceedings required to remove the notice of lis pendens satisfies the causation requirement. *Restatement (Second) of Torts* § 633, comment h.

■ Here, it was undisputed that the residence was constructed for sale and that plaintiff Vernon, an attorney, filed the notice of lis pendens even though the plaintiffs did not claim an interest in the realty by virtue of their election to sue for damages rather than for specific performance. In addition, the plaintiffs refused to release the improperly filed notice of lis pendens until defendant returned their earnest money and deposited an additional $15,000 in an escrow account. These facts constitute sufficient evidence to support the trial court's findings of causation and malice. *See Sussex Real Estate Corp. v. Sbrocca, supra; see also Salstrom v. Stark*, 670 P.2d 809 (Colo.App.1983). And, contrary to plaintiffs' contentions, attorney fees of $1,839 incurred in removal of an improperly filed notice of lis pendens do constitute proof of special damages. *Sussex Real Estate Corp. v. Sbrocca, supra; Restatement (Second) of Torts* § 633(1)(b). Thus, defendant produced sufficient evidence to establish his claim for slander of title.

### B.

Defendant also contends that the trial court improperly assessed damages on his slander of title claim. He argues that he was entitled to compensation for additional interest that accrued on the outstanding balance of his construction loan from January 4, 1979, the approximate date on which the second sale would have closed if the notice of lis pendens had not been extant, to February 21, 1979, the date on which the notice of lis pendens was removed. He also claims entitlement to compensation for an additional $500 attorney fee incurred in consultation with another attorney on the slander of title claim.

■ The publisher of an injurious falsehood is subject to liability for "[t]he expense of measures reasonably necessary to counteract the publication," *Sussex Real Estate Corp. v. Sbrocca, supra; Restatement (Second) of Torts* § 633(1)(b), and for pecuniary loss resulting "directly and immediately from the effect of the conduct of third persons." *Restatement (Second) of Torts* § 633(1)(a).

■ Here, closing of the third party contract was contingent upon removal of the notice of lis pendens. Therefore, the accrual of interest from the time of the proposed closing with the third party until the time the notice of lis pendens was removed is "pecuniary loss that results directly and immediately from the effect of the injurious falsehood in influencing the conduct of third persons" and is properly recoverable as damages in this action for slander of title. *Restatement (Second) of Torts* § 633, comment i.

Defendant's claim that the trial court erred in refusing to award an additional $500 attorney fee as damages for slander of title is without merit.

### IV. Attorney Fees

Finally, defendant contends that the trial court erred in refusing to award attorney fees for defense of plaintiffs' claim for deceit based on fraud. In their cross-appeal, plaintiffs assert that the trial court erred in finding that their claim was groundless.

■ A claim is groundless if " 'the complaint contains allegations sufficient to survive a motion to dismiss for failure to state a claim, but which are not supported by any credible evidence at trial.' " *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984); *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App. 1983). While a prevailing party must be afforded an opportunity to establish a reasonable proration of attorney fees incurred relative to the defense of a frivolous or groundless claim, he must produce sufficient evidence for the trial court to exercise its discretion in determining the amount of attorney fees allocable to that claim. *Alessi v. Hogue*, P.2d (Colo.App. Nos. 83CA0049 & 83CA0272, March 15, 1984); § 13–17–102, C.R.S.

■ Here, the trial court found that "[n]o evidence was presented in support of the claims for fraud and for misrepresentation and at the conclusion of the plaintiff's [sic] case-in-chief the plaintiff [sic] moved to dismiss those claims for relief." It therefore concluded that the claims were

groundless. These findings are supported by the record, and the conclusion comports with applicable law. *Western United Realty, Inc. v. Isaacs, supra; International Technical Instruments, Inc. v. Engineering Measurements Co., supra.* Therefore, the trial court's ruling will not be disturbed on review. *Page v. Clark, supra.*

Following hearing on the amount of attorney fees incurred relative to plaintiffs' claim in deceit based on fraud, the trial court determined that the defendant had failed to present evidence sufficient to enable it to apportion defendant's attorney fees. The record supports the trial court's determination in this regard; hence, its ruling will not be disturbed on review. Section 13–17–102(1), C.R.S.

The judgment of the trial court is affirmed with respect to its conclusion as to breach of contract, slander of title, and attorney fees incurred in defense of plaintiffs' claim of deceit based on fraud; it is reversed as to damages awarded for breach of contract and slander of title, and the cause is remanded with directions that the damage awards be modified consistent with the opinions expressed herein.

BERMAN and KELLY, JJ., concur.