**HEIN ENTERPRISES, LTD., a Colorado general partnership, and Real Ventures, a Colorado general partnership, Plaintiffs-Appellants,**

v.

**SAN FRANCISCO REAL ESTATE INVESTORS, an unincorporated California business trust, Kinnickinnic Realty Company, a Colorado corporation, Terrydale Realty Trust, an unincorporated Missouri business trust, Robert M. Richmond Commercial Real Estate Company, a Colorado corporation, and Robert M. Richmond, Defendants-Appellees.**

No. 84CA0147.

Colorado Court of Appeals,
Div. I.

Nov. 29, 1985.

As Modified on Denial of
Rehearings Jan. 16, 1986.

Petition for Certiorari Withdrawn
June 4, 1986.

Holland & Hart, William C. McClearn, Peter C. Houtsma, Downey & Gulley, P.C., Daniel W. Patterson, Denver, for plaintiffs-appellants.

Sherman & Howard, W. David Pantle, H. Clay Whitlow, Denver, for defendant-appellee San Francisco Real Estate Investors.

Kenneth C. Groves, Philip A. Rouse, Jr., Denver, for defendant-appellee Kinnickinnic Realty Co.

Rothgerber, Appel & Powers, Gregory B. Kanan, James S. Campbell, Denver, for defendant-appellee Terrydale Realty Trust.

John A. Criswell, P.C., John A. Criswell, Denver, for defendants-appellees Robert M. Richmond Commercial Real Estate Co. and Robert M. Richmond.

BABCOCK, Judge.

Following the first phase of a bifurcated trial to the court, judgment was entered in favor of defendants San Francisco Real Estate Investors (San Francisco), Kinnickinnic Realty Company (KK), and Terrydale Realty Trust (Terrydale), on the claim of Hein Enterprises, Ltd., and Real Ventures (Hein) for specific performance of a real estate contract or in the alternative for damages. Judgment was entered by the trial court in favor of defendants Robert M. Richmond Commercial Real Estate Company and Robert M. Richmond on Hein's claim for damages based on promissory

estoppel. The trial court also entered judgment in favor of KK against Hein upon KK's counterclaims for slander of title and interference with contractual relationship. Following trial of the damage phase of the action, the trial court entered judgment in favor of KK on its counterclaim against Hein for slander of title in the sum of $104,703.50 attorney fees, $5,857.13 costs, and $14,000 expert witness fees. Judgment in the sum of $2,000,000 was entered by the trial court in favor of KK on its counterclaim for interference with contractual relationship. In addition, the trial court awarded KK moratory interest on the total judgment in the sum of $289,600. On appeal by Hein, we affirm in part and reverse in part.

## I. Facts

On November 6, 1980, KK entered into a contract (Hein contract) with Hein to sell Hein the land under the Petroleum Club Building in Denver. Terrydale, as owner of the Petroleum Club Building, leased the land from KK. This lease gives Terrydale a right of first refusal to purchase the land. It provides:

"In the event Lessor should desire ... to sell ... the demised premises or any part thereof, Lessor shall give notice to Lessee of the terms, consideration for which, conditions and date upon which Lessor proposes to sell ... the demised premises or part thereof specified in said notice. Within sixty days after receipt of said notice, Lessee shall have the right to....

"(a) Acquire the interest of Lessor in the demised premises ... upon like terms, conditions and consideration as set forth in said notice...."

The lease further requires that all notices required to be given shall be in writing.

The Hein contract is expressly subject to the provisions of this lease. It is also contingent upon Hein's completing the purchase of the Petroleum Club Building from Terrydale on or before closing the purchase of the land. Terrydale has not agreed to sell the Petroleum Club Building to Hein.

The Hein contract further provides that:

"This Contract is expressly conditioned to the approval, not to be unreasonably withheld, of the Seller's attorney prior to closing (April 27, 1981), as to both content and form, of the final Contract exhibits to said Contract, Special Warranty Deed, all closing and other documents used in the transfer of the property and final settlement."

On December 18, 1980, KK's agent Richmond notified Terrydale by letter of KK's intent to sell the land to Hein on the terms and conditions set forth in the Hein contract enclosed with the letter. Thereafter, on February 6, 1981, a tri-party agreement was entered into among KK, San Francisco, and Terrydale. Terrydale agreed to sell the Petroleum Club Building to San Francisco. Terrydale assigned its right of first refusal under the lease to San Francisco. KK waived its right of first refusal to acquire the building from Terrydale and KK agreed to sell the land to San Francisco.

On February 10, 1981, KK's attorney notified Hein by letter that, pursuant to the attorney approval clause, the Hein contract was disapproved as "null and void" because the right of first refusal had been exercised under the lease, and thus, KK was unable to convey the land to Hein. The next day, Hein advised KK's attorney that it considered the Hein contract as continuing to be in effect and that it was "evaluating alternatives available to Hein Enterprises." By letter dated February 12, 1981, KK's attorney reiterated his disapproval of the Hein contract. On that same date Hein recorded the Hein contract. Hein filed its action on March 19, 1981, and on March 26, 1981, recorded a notice of lis pendens.

## II. Nature of Review

Hein first contends that, because the trial court adopted the proposed fact findings submitted by KK, on appeal critical scrutiny of these findings is required.

We agree and have so scrutinized the record in relation to them. We note that the trial court ordered all parties simultaneously to submit drafts of proposed find-

ings of fact and conclusions of law. Therefore, we assume that the trial court examined the proposed findings and agreed that they correctly stated the facts as it found them to be. *See Uptime Corp. v. Colorado Research Corp.*, 161 Colo. 87, 420 P.2d 232 (1966); *Ficor, Inc. v. McHugh*, 639 P.2d 385 (Colo.1982).

### III. Breach of Contract

Hein contends that the trial court erred in determining that it was not entitled to specific performance of the Hein contract. Hein argues that the disapproval of the Hein contract by KK's attorney was ineffective because notice of the Hein contract to Terrydale was untimely, and thus, there was no valid exercise of the right of first refusal. This claim is premised on the arguments that the sixty-day notice of right of first refusal provision was triggered by: (1) Richmond's presentation to Terrydale in September 1980 of a written offer by Hein to purchase the building which recited that a contract to purchase the land had been presented to KK on September 21, 1980; (2) Terrydale's receipt of oral notice of the execution of the Hein contract in November 1980; or (3) KK's failure to give written notice to Terrydale of the November 6, 1980, execution of the Hein contract. We find no error.

### A.

When an agreement concerning real estate calls for written notice affecting the rights of the parties, oral notice does not suffice. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981); *Atchison v. Englewood*, 193 Colo. 367, 568 P.2d 13 (1977).

Further, to comply strictly with a provision requiring written notice, the written notice must contain all of the particular information required thereby. *T.W. Anderson Mortgage Co. v. Robert Land Co.*, 480 P.2d 109 (Colo.App.1970) (not selected for official publication). This is so because there is a difference between merely knowing of a sale and knowing all the terms of sale. The distinction is crucial because without knowing the terms of sale the hold-er of the right of first refusal cannot meet the offer of the third party, and thus, cannot properly exercise the right of first refusal. *See Tribble v. Reely*, 171 Mont. 201, 557 P.2d 813 (1976).

The trial court found that Hein's offer to Terrydale to purchase the building did not constitute notice. It did not have attached to it a copy of the proposed contract with KK. That contract had not been executed by KK. The offer did not state that it was notice by KK to commence the running of the period for exercise of the right of first refusal, and, in any event, Terrydale rejected the offer.

The trial court also found that Hein knew that written notice was required. KK believed that it was required to give written notice. Terrydale did not excuse the giving of the written notice. Any oral information received by Hein prior to December 18, 1980, did not include all of the information called for in the written notice required by the lease, and KK and Terrydale did not regard any verbal notification as constituting notice. These findings are supported by the record and, thus, will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Moreover, we agree with the trial court that because the notice provision of the lease was silent as to when such notice had to be given, the giving of notice at any time before sixty days prior to the closing date of April 27, 1981, was reasonable, and thus, was timely. *See Twin Lakes Reservoir & Canal Co. v. Bond*, 156 Colo. 433, 399 P.2d 793 (1965). Therefore, we conclude that the trial court properly ruled that the right of first refusal was timely exercised by San Francisco as assignee of Terrydale.

### B.

Where, as here, an attorney approval clause is unambiguous it must be enforced as written and is limited only by the requirement that the attorney act in good faith. *See Smith v. Allmon*, 17 Mass.App. 712, 461 N.E.2d 1237 (1984); *In-*

*doe v. Dwyer,* 176 N.J.Super. 594, 424 A.2d 456 (1980). A good faith disapproval of the contract by the attorney terminates the contract. *Indoe v. Dwyer, supra.*

██ KK's attorney necessarily disapproved the Hein contract because the right of first refusal was timely exercised on February 6, 1981, by San Francisco as assignee of Terrydale. Thus, KK was duty bound to convey the land to San Francisco and had no legal right to convey to Hein. The trial court's finding that KK's attorney, in good faith, disapproved the Hein contract is fully supported by the record and will not be disturbed on review. *See Page v. Clark, supra.*

██ We also agree with the trial court's conclusion that, because the Hein contract is expressly subject to the terms of the lease, the right of first refusal provision is, as a matter of law, a part of the Hein contract. Therefore, exercise of the right of first refusal by San Francisco was a proper subject for disapproval. Consequently, the trial court correctly entered judgment in favor of KK, Terrydale, and San Francisco on Hein's complaint and correctly declared the Hein contract to be null and void.

## IV.  Richmond

██ The record supports the trial court's determination that there is no factual basis for Hein's claim against Richmond of promissory estoppel. *See Page v. Clark, supra.* Thus, we find no error.

## V.  Attorney Fees

██ Terrydale claims for the first time on appeal that, because the trial court found Hein's claims against it to be groundless, *see* § 13–17–102, C.R.S. (1985 Cum.Supp.), it erred in failing to award attorney fees for defense of Hein's claims. Terrydale's failure to perfect a cross-appeal precludes our consideration of this contention. *See Madrid v. Safeway Stores, Inc.,* 709 P.2d 950 (Colo.App.1985).

## VI.  Slander of Title

### A.

Hein contends that KK failed to prove its claim for slander of title. We disagree.

██ The elements of slander of title are: (1) slanderous words; (2) falsity; (3) malice; and (4) special damages. *Fountain v. Mojo,* 687 P.2d 496 (Colo.App.1984). Here, recordation of the void contract, which had been terminated by disapproval of KK's attorney, created a cloud on KK's title and delayed closing until December 21, 1982. This was sufficient to meet the first two elements of the tort of slander of title. *See Fountain v. Mojo, supra; Salstrom v. Starke,* 670 P.2d 809 (Colo.App.1983).

Hein's principal contention is that there was insufficient evidence to support the trial court's finding of malice. We disagree.

██ Malice, a question of fact, is an attempt to "vex, injure or annoy" another party. *McNichols v. Conejos-K Corp.,* 29 Colo.App. 205, 482 P.2d 432 (1971). Again, the trial court's finding of malice is supported by evidence in the record, and is, therefore, binding on review. *See Fountain v. Mojo, supra.*

### B.

Hein next asserts that the recording of the notice of lis pendens with the advice of counsel is privileged. We do not address this issue because we agree with KK that the "advice of counsel" defense was not properly pleaded by Hein and that the trial court correctly denied Hein's motion to amend its pleadings.

██ Hein's complaint was filed in March 1981. Trial of the liability phase was held on July 12 through 15, 1982, and the trial court entered its findings of fact, conclusions of law, and judgment as to liability on September 17, 1982. On March 8, 1983, less than thirty days prior to the scheduled damage trial, Hein filed its motion to amend to add "advice of counsel" as a defense to KK's counterclaim. We conclude that the trial court did not abuse its

discretion in denying Hein's motion to amend to add a new liability defense theory after judgment of liability had entered. *See Chambliss/Jenkins Associates v. Forster,* 650 P.2d 1315 (Colo.App.1982); 3 *Moore's Federal Practice* ¶ 15.13[2] (2d ed. 1984).

### C.

■ Contrary to Hein's contentions, attorney fees and costs constitute special damages in a slander of title action. *See Fountain v. Mojo, supra.*

### VII. Intentional Interference with Contract

#### A.

■ Hein argues that the evidence was insufficient to establish KK's claim of intentional interference with contractual relationship. Specifically, Hein asserts that there is no evidence that it intentionally and improperly interfered with the performance of the tri-party agreement. We disagree.

■ In order to establish liability for intentional interference with contractual relationship, the interference must be intentional and improper. *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.,* 690 P.2d 207 (Colo. 1984). Here, the evidence supports the trial court's finding that Hein's interference with KK's contractual relationship with Terrydale and San Francisco was both intentional and improper. Thus, it will not be disturbed on review. *See Page v. Clark, supra; see also Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc., supra.*

#### B.

■ In reliance on Restatement (Second) of Torts § 633 (1977), Hein next contends that damages may not be recovered for "loss of business opportunity." We agree that such damages are not recoverable in a slander of title action, but hold that they are recoverable in an action for inten-

tional interference with contractual relationship.

Restatement (Second) of Torts § 633 (1977) limits recovery in slander of title actions to pecuniary losses which result directly from the conduct of the tortfeasor. *Rite Aid Corp. v. Lake Shore Investors,* 298 Md. 611, 471 A.2d 735 (1984). In contrast, Restatement (Second) of Torts § 774A (1977) concerning recovery for intentional interference with contract also permits recovery of "consequential losses for which the interference is a legal cause." *Rite Aid Corp. v. Lake Shore Investors, supra; see also Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc., supra.*

■ Loss of business advantage or opportunity can properly be recovered under a theory of intentional interference with contractual relationship. *See National Merchandising Corp. v. Leyden,* 370 Mass. 425, 348 N.E.2d 771 (1976). These damages may include loss of profits and chances for gain. *See* Restatement (Second) of Torts § 774A, comment c (1977). The measure of damages in an action for intentional interference with contractual relationship includes the "loss of advantages ... which, but for such interference, the plaintiff would have been able to enjoy." *National Merchandising Corp. v. Leyden, supra.* And, where the fact of damage and the issue of causation is resolved in plaintiff's favor, difficulty or uncertainty in determining the precise amount of damage does not prevent an award of damage. *Cope v. Vermeer Sales & Service of Colorado, Inc.,* 650 P.2d 1307 (Colo.App.1982); *National Merchandising Corp. v. Leyden, supra.*

In this case, KK established that its damage period was from the time of the filing of the lis pendens on March 26, 1981, until December 21, 1982, the date of closing of the contract of sale with San Francisco. The trial court, relying on extensive and competent expert testimony, found that KK established a loss of $2,000,000 appreciation during the damage period on the $1,000,000 purchase price. The trial court

also found that, but for Hein's interference with its contractual relationship, KK would not have sustained this loss. Once again these findings are supported by the record and we will not disturb them on appeal. *See Page v. Clark, supra.*

### C.

However, we agree with Hein that award of consequential damages for loss of use of the purchase price during the damage period precludes any additional award of moratory interest on the consequential damages.

In a proper case, part of the loss suffered by an injured party may be the loss of the use of its money from the date of loss until the date of judgment. In such case, moratory interest may be awarded in order to make the injured party whole. *Acme Delivery Service, Inc. v. Samsonite Corp.,* 663 P.2d 621 (Colo.1983).

Here, the consequential damage award represents compensation to KK for loss of use of the purchase price, and thus, to that extent, makes KK whole. *See Acme Delivery Service, Inc. v. Samsonite Corp., supra; see also Montgomery Ward & Co. v. State Department of Revenue,* 675 P.2d 318 (Colo.App.1983). Accordingly, the trial court erred in awarding moratory interest on the consequential damages.

Hein's remaining contentions of error are without merit.

We deem Richmond's claim for sanctions pursuant to C.A.R. 38 to be without merit. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

The judgment of the trial court awarding moratory interest on the $2,000,000 damage award for intentional interference with contractual relationship is reversed and the cause is remanded with directions to recompute the award of moratory interest on the balance of the damages awarded on KK's claim for slander of title. The judgment is affirmed in all other respects.

PIERCE and KELLY, JJ., concur.