597 P.2d 1052 (1979)
ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Plaintiff-Appellant,
v.
Jack ROBINS, Defendant-Appellee.
No. 78-1218.
Colorado Court of Appeals, Div. I.
June 28, 1979.
Burnett, Horan & Hilgers, William P. Horan, Denver, for plaintiff-appellant.
John E. Walberg, Denver, for defendant-appellee.
COYTE, Judge.
Allstate Insurance Company (company) brought a declaratory judgment suit against its insured, defendant Jack Robins, to determine whether defendant had automobile insurance coverage for an accident in which he was involved. The company appeals from a judgment entered against it for attorney's fees incurred by defendant in defending the suit. We affirm.
Defendant was involved in an automobile accident with a third person. He reported the accident to the company. Contending that no coverage existed because of defendant's automobile was not listed on his policy of insurance with the company, the company filed a declaratory judgment action against defendant to determine whether defendant was covered under the terms of the policy. Section II(b)(4) of this policy provides that the company shall:
"reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request."
The trial court found that there was coverage and entered judgment in favor of defendant on his counterclaim for his expenses in defending the declaratory judgment suit. The company contends on appeal that the court erred or abused its discretion in awarding attorney's fees to its insured. There is no issue raised as to the reasonableness of the attorney's fees.
In Upland Mutual Insurance, Inc. v. Noel, 214 Kan. 145, 519 P.2d 737 (1974), the insurance company contended that its insurance policy did not afford coverage, and accordingly filed a declaratory judgment action against its insured seeking a determination of its liability. In determining the identical issue involved in the present case, the court found coverage and held that the company must reimburse the insured for any necessary legal fees and expenses incurred in the declaratory judgment suit.
In arriving at that result, the court quoted a comment from 7A J. Appleman, Insurance Law & Practice § 4691 (1962), criticizing decisions ruling that insurers were not liable for their insureds' attorneys fees incurred in determining that coverage existed:
*1053 "`[D]espite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.. . .'"
The court in Upland concluded that the award of attorney's fees was proper
"because the filing of this suit constituted a `request' by Upland and therefore the company is obligated under its policy to reimburse the insured . . . for all reasonable expenses incurred at the company's request."
Accord, Standard Accident Insurance Co. v. Hull, 91 F.Supp. 65 (D.Cal.1950); Occidental Fire and Casualty Co. v. Cook, 92 Idaho 7, 435 P.2d 364 (1967); Security Mutual Casualty Co. v. Luthi, 303 Minn. 161, 226 N.W.2d 878 (1975).
All of the cited cases involve the construction of the phrase, "the company shall reimburse the insured for all reasonable expenses incurred at company's request," and its application to payment of attorney's fees expended by the insured in defending a declaratory judgment action instituted by the insurance company. In each case the court allowed the insured to recover its expenses (reasonable attorney's fees) as a matter of contract. This result merely restores the insured to the position he would have occupied had the company honored its contract in the first instance, and we adopt it as the applicable principle.
Judgment affirmed.
VanCISE and STERNBERG, JJ., concur.