**Judith M. HEDGECOCK, now by marriage, Judith M. Harms-Potter, Plaintiff-Appellant and Cross-Appellee,**

v.

**STEWART TITLE GUARANTY COMPANY, a Texas corporation, Defendant-Appellee and Cross-Appellant.**

**No. 81CA0323.**

Colorado Court of Appeals, Div. I.

June 9, 1983.

Rehearing Denied July 7, 1983.

Certiorari Denied Jan. 23, 1984.

Grant, McHendrie, Haines & Crouse, P.C., Charles H. Haines, Jr., Denver, for plaintiff-appellant and cross-appellee.

John S. Kellogg, Denver, for defendant-appellee and cross-appellant.

COYTE,[*] Judge.

Plaintiff appeals from a judgment for damages entered in her favor for breach of contract, contending the damages were inadequate and that she should have been awarded attorney fees. Defendant cross-appeals contending damages were excessive and that summary judgment was improperly entered on the issue of liability in that its title insurance policy contained an exclusion so that it is not liable to plaintiff. We affirm the judgment, except as to the disallowance of attorney fees and loss rentals.

Plaintiff purchased the property in question in 1971 and at the same time purchased a title insurance policy from the defendant for the face value amount of $12,000. In 1972 plaintiff sold the property under contract for deed. The purchasers, after taking possession, required a survey for a title insurance policy. The surveyor was unable to reconcile the actual location of the property with the legal description. Plaintiff requested the title company to resolve the problem. It refused contending that an exclusion in the policy was applicable which provided no coverage was afforded for: "any discrepancies, conflicts or shortages in the area or boundary lines, or any encroachments, or any overlapping of improvements or other boundary or location disputes." Because of the title difficulty, the purchasers and plaintiff agreed to rescind the contract.

Plaintiff engaged another surveyor to survey the property and prepare a correct legal description. Plaintiff then requested defendant to insure the title to the property using the new description provided by the

[*] Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

surveyor. Defendant refused to issue a policy using the new description unless plaintiff brought a suit to quiet title naming the adjacent landowners as defendants or providing confirmatory deeds. Thereupon, negotiations between the parties were terminated. Plaintiff obtained title insurance from another underwriter using the new description and secured quitclaim deeds from the adjoining property owners.

The legal description used in describing the property purchased by plaintiff in 1971 was the same legal description that had been used since 1904 in describing the property. However, by using the description of the property given in the deed and the insurance policy, a definite point of beginning could not be established, nor could the location of the parcel be placed on the ground to correspond with the actual location of the property as known by its street address.

We agree with the trial court that the affidavit and disposition filed in support of plaintiff's motion for summary judgment present no issue as to any material fact as far as liability of defendant is concerned. However, defendant contends that the issue of its liability is squarely covered by the exclusion in the policy as above quoted. We disagree.

■ The trial court concluded that title to plaintiff's property was not marketable. To be marketable, a "title must be such as to make it reasonably certain that it will not be called into question in the future so as to subject the purchaser to the hazard of litigation with reference thereto." *Morley v. Gieseker*, 142 Colo. 490, 351 P.2d 392 (1960). The party claiming that the title is marketable has the burden of proving with reasonable certainty that litigation will not occur. *Michaelson v. Tieman*, 36 Colo.App. 435, 541 P.2d 91 (1975).

■ Here, the description which the title company used in its policy of insurance was faulty in several respects. It stated that the land was located in the Mt. Vernon Subdivision in the Town of Morrison, when there is no such subdivision; it stated that the land was part of Lot 6 when there is no such Lot 6; it gave a metes and bounds description from which the location of the property on the ground could not be determined. On these facts, the trial court concluded that the title was not marketable, stating "the uncertainty caused by the description is so great that a failure of title to the property occurs," and "[l]itigation over the property was a possibility." We agree with this conclusion.

■ Defendant insured plaintiff against such unmarketability of title and, accordingly, is liable under its policy to plaintiff. The policy exclusion concerning boundary defects is not applicable here where the legal description in the policy is totally inadequate.

■ Plaintiff contends on appeal that the damages were inadequate. We agree. The buyers of plaintiff's property agreed to pay $180 per month as rent during the time they occupied the property. When they vacated, the property remained vacant for a period of time. As a result, plaintiff contends that she lost seven months rental of the property at a reasonable rental of $180 per month or $1,260. However, the trial court disallowed this item of damage by finding that there was no showing that plaintiff could have rented the property during this period of time. Defendant did not plead that plaintiff had failed to mitigate her damages and did not present any testimony on this issue. Failure to mitigate damages is an affirmative defense which must be pleaded and proven by defendant. *Martin v. Porak*, 638 P.2d 853 (Colo.App.1981). The trial court erred in placing this burden on plaintiff. It should have allowed the $1,260 in loss of rent to plaintiff.

■ Plaintiff also contends that plaintiff's attorneys fees in the court below should have been awarded to her as being

part of the damages for breach of the title insurance company's contract. We agree.

As a general rule, in the absence of any contractual or statutory liability therefor, attorneys fees and expenses of litigation of a plaintiff's claim are not recoverable as an item of damages either in a contract or a tort action. *Beebe v. Pierce*, 185 Colo. 34, 521 P.2d 1263 (1974).

However, in *Allstate Insurance Co. v. Robins*, 42 Colo.App. 539, 597 P.2d 1052 (1979), we allowed attorneys fees in an action in which an insurance company brought a declaratory action to have the court determine the extent of its policy coverage. There the policy provided for payment of all expenses incurred at company expense, and we construed the filing of the suit as a request to incur expenses in defending the suit.

Here, defendant had issued its policy of insurance, insuring the marketability of the title. Plaintiff was unable to sell the property because of the condition of the title, and when defendant was advised of the situation it refused to correct the title which it had insured. Here, as stated in *Allstate Insurance Co. v. Robins, supra:*

> "After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above ...."

Under the situation here, the title to plaintiff's property was unmarketable. She could not sell the property without curing the title defect whcih the title insurance company refused to do. She bought and paid for the insurance. Without payment of her attorneys fees, she is no better off than if she had never had the policy of title insurance in the first place. An award of attorney fees merely restores plaintiff to the position she would have occupied had the company honored its contract of insurance in the first instance.

Accordingly, the judgment is affirmed, except for the disallowance of rental loss and attorney fees. On those items, the cause is remanded to the trial court to increase the judgment by $1,260 lost rentals and to hold a hearing to determine and to award attorney fees to plaintiff. The award shall cover fees for both prosecuting in the trial court action and defending this appeal. The amended judgment, except for attorney fees on appeal, shall draw interest at the statutory rate from December 18, 1980, the date of entry of judgment in the trial court.

BERMAN and STERNBERG, JJ., concur.