**Viola Campbell GOHN, Appellant,**

v.

**AKRON SCHOOL, Appellee.**

**No. 25A03–9004–CV–136.**

Court of Appeals of Indiana,
Third District.

Nov. 5, 1990.

Ann Ginda, Lafayette, for appellant.

No appearance for appellee.

HOFFMAN, Presiding Judge.

Appellant Viola Campbell Gohn appeals a judgment in favor of Akron School. During the 1987–1988 school year, Viola Gohn and her husband, Tom Gohn, had four children attending Akron School, a public elementary school in Fulton County. Akron School determined the Gohns met the eligibility standard for financial assistance for school children. IND.CODE § 20–8.1–9–2 and –6 (1988 Ed.). The state provided textbook rental assistance of $36.74 for Clifford Gohn's $59.00 special education textbook rental fee, $5.96 for Misty Gohn's $50.00 kindergarten textbook rental fee, $5.96 for Crystal Gohn's $50.00 kindergarten textbook rental fee, and $31.63 for Rob-

in Gohn's $51.00 first grade textbook rental fee. IND.CODE § 20–8.1–9–9(b) (1989 Supp.). After state assistance, there was a balance of $129.71 for textbook rental fees.

Akron School brought action against the Gohns in Fulton County Court to collect the $129.71 balance. The trial court granted judgment in favor of Akron School for $129.71, plus $30.00 in costs. Appellant argues Indiana law barred the action brought by Akron School.

■ Statutes are interpreted as a whole, giving words their common and ordinary meaning. *Spaulding v. International Bakers Serv.* (1990), Ind., 550 N.E.2d 307, 309.

IND.CODE § 20–10.1–10–2 (1988 Ed.) permits schools to charge students textbook rental. IND.CODE § 20–8.1–9–3 (1988 Ed.) reads in pertinent part:

"[(a)] If a parent of a child ... who is enrolled in a public school, in grades K–12, meets the financial eligibility standard ..., the parent ... may not be required to pay the fees for school books.... Such fees shall be paid by the school corporation in which the child resides.

\*   \*   \*   \*   \*   \*

(c) To the extent the reimbursement received by the school corporation is less than the textbook rental fee assessed for textbooks ... the school corporation may request that the parent ... pay the balance of this amount."

IND.CODE § 20–8.1–9–10 (1988 Ed.) states in pertinent part:

"A school corporation may ... take any action authorized by law to collect unpaid fees from parents who are determined to be ineligible for assistance...."

■ Akron School conceded that the Gohns met the eligibility standard for financial assistance for school children. IND.CODE § 20–8.1–9–3(a) and –9(a) required Akron School to pay the Gohns' textbook rental fees. IND.CODE § 20–8.1–9–3(c) allowed Akron School to "request" the Gohns to pay the balance of the textbook rental fees not paid by the state. "Request" means to ask for, not compel through legal action. IND.CODE § 20–8.1–9–10 allows a school to take legal action to collect unpaid textbook rental fees only against parents ineligible for financial assistance for school children. Indiana law barred Akron School from taking legal action to collect unpaid textbook rental fees when the Gohns were eligible for financial assistance for school children.

Reversed.

GARRARD and ROBERTSON, JJ., concur.