Edward A. RHODES, M.D., and Edward A. Rhodes, M.D., P.C., Plaintiffs–Appellants,

v.

COPIC INSURANCE COMPANY, a Colorado corporation, Defendant–Appellee.

No. 89CA1988.

Colorado Court of Appeals, Div. V.

Feb. 28, 1991.

Rehearing Denied March 28, 1991.

Stipulation to Dismiss Certiorari Granted June 7, 1991.

Downey and Douglas, P.C., Arthur H. Downey, Elsa D. Burchinow, Denver, for plaintiffs-appellants.

Cooper and Kelley, P.C., Richard B. Caschette, John R. Mann, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiff, Edward A. Rhodes, appeals that portion of the trial court's declaratory judgment which denied his request for an award of attorney fees against defendant, COPIC Insurance Company. We affirm.

Plaintiff is a physician, specializing in urology, who practices as a professional corporation. A part of his practice includes the collection of semen samples from his patients and the freezing, packaging, and shipment of those samples for preservation and storage in sperm banks for the benefit of depositing patients. Plaintiff purchased professional liability insurance from COPIC.

Plaintiff was sued by a patient and his spouse who claimed damages resulting from the thawing and destruction of viability of a semen sample that had been collected for shipment to a sperm bank. The original complaint in that action named Dr. Rhodes, his professional corporation, and Genetic Reserves Corporation as defendants and generally asserted claims for negligent packaging of the semen sample, breach of contract, breach of fiduciary duty, and breach of warranty.

Upon being served with that complaint, plaintiff notified defendant of its filing and requested that COPIC provide a defense for him under the terms of the insurance policy. COPIC characterized the suit as one based upon a "non-medical incident" and initially denied coverage, refusing to defend the action on Rhodes' behalf. Plaintiff then retained independent counsel to represent him in defending the claims asserted by his patient.

Subsequently, plaintiff filed this action seeking a judgment declaring that the professional liability insurance policy provided coverage to him for indemnification of liability and the defense of the claims asserted by the patient. He also requested an award of attorney fees that he incurred both in defending that claim and in prosecuting the declaratory judgment action.

After the declaratory judgment action had been filed, the complaint in the underlying suit was amended so as to assert clearly a professional malpractice claim against Rhodes, and COPIC then undertook Rhodes' defense of that claim while reserving its right to contest coverage under the insurance policy. The malpractice claim was later settled by COPIC's payment of $50,000 to Rhodes' patient.

Despite the settlement of the malpractice claim, Rhodes persisted in prosecuting the declaratory judgment action. He ultimately obtained a judgment declaring that COPIC had a duty under the insurance policy to provide a defense and to indemnify his professional liability in the underlying action brought by his patient. However, his request for an award of attorney fees was denied.

Plaintiff contends that the trial court erred in its application of the "American rule" relating to attorney fees so as to preclude his recovery in this case. We disagree.

Initially, we note that this appeal arises in the context of a declaratory judgment proceeding rather than as a claim for damages for breach of contract or for tortious bad faith breach of contract. Hence, we do not address whether attorney fees incurred in defending against the patient's malpractice claim properly may be recoverable as consequential damages in a separate action for breach of contract or tortious bad faith.

■ The "American rule" follows a general policy of disallowing the taxation of attorney fees against a losing party and in favor of a prevailing party to litigation. Colorado adheres to the "American rule" and generally disallows recovery of attorney fees in the absence of an express provision to the contrary in a statute, a court rule, or a contractual agreement. *See Bunnett v. Smallwood*, 793 P.2d 157 (Colo. 1990); *Beebe v. Pierce*, 185 Colo. 34, 521 P.2d 1263 (1974).

■ Colorado courts have noted a limited number of exceptions to the application of the "American rule." *See Buder v. Sartore*, 774 P.2d 1383 (Colo.1989) (action for breach of fiduciary duty); *Denver Ass'n for Retarded Children, Inc. v. School District No. 1*, 188 Colo. 310, 535 P.2d 200

(1975) (obdurate behavior, common funds, and private attorney general exceptions); *International State Bank v. Trinidad Bean & Elevator Co.,* 79 Colo. 286, 245 P. 489 (1926) (action for wrongful precipitation of separate litigation with others); *Bernstein v. Simon,* 77 Colo. 193, 235 P. 375 (1925) (malicious prosecution action); *Sussex Real Estate Corp. v. Sbrocca,* 634 P.2d 999 (Colo.App.1981) (slander of title action). However, this action for declaratory judgment does not fall within any of those recognized exceptions.

Plaintiff's reliance upon *Allstate Insurance Co. v. Robins,* 42 Colo.App. 539, 597 P.2d 1052 (1979) and *Hedgecock v. Stewart Title Guaranty Co.,* 676 P.2d 1208 (Colo. App.1983) is misplaced. Our holding in *Allstate* rested upon specific language contained in the insurance contract in question, and the ruling stands only for the proposition that attorney fees may be recovered as provided under the terms of a contract. The *Hedgecock* decision involved an action for consequential damages awarded for breach of a title insurer's refusal to perform its contractual duty to render the insured's title marketable. In any event, insofar as the *Allstate* and *Hedgecock* decisions may deviate from the established controlling precedent as restated in *Beebe v. Pierce, supra,* and reaffirmed in *Bunnett v. Smallwood, supra,* we decline to extend them to the circumstances presented in this proceeding for declaratory relief.

Plaintiff's argument that equitable principles favor the allowance of attorney fees so as to afford him complete relief and render him whole is without merit. Plaintiff's action for declaratory judgment is a statutory rather than an equitable action. Moreover, our supreme court's ruling in *Bunnett v. Smallwood, supra,* expressly rejected that argument.

Accordingly, the judgment is affirmed.

PLANK and NEY, JJ., concur.