946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce WELLENS; David Chaney; Thomas Lemley; Roman Tafoya;
Paul Clarkin; Michael Bird; Carl Bartecchi;
Phillip Hilvitz; Lawrence Ochs; James
C. Moore, Plaintiffs-Appellees,
v.
COLUMBIA CASUALTY CO., an Illinois corporation, Defendant-Appellant.
 No. 91-1049.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs, former officers and/or directors of American Federal Savings and Loan Association of Colorado (AmFed), who are insured under a directors and officers liability insurance policy issued by defendant, Columbia Casualty Company, brought this declaratory judgment action, with jurisdiction premised on diversity of citizenship, seeking a ruling that defendant was required to pay the costs and attorney's fees of plaintiffs as those costs and attorney's fees came due in pending lawsuits. The district court, applying Colorado law, concluded that defendant had a duty to pay such costs and fees. The district court further held that plaintiffs were entitled to the attorney's fees and costs incurred in bringing this action. Defendant appeals only that aspect of the district court's judgment which awarded attorney's fees and costs for this action. For the reasons set forth below, we reverse and remand.
 
 
 3
 Plaintiffs premised their request for attorney's fees and costs incurred during the pendency of this action on Fed.R.Civ.P. 11 and case law. The district court, in awarding attorney's fees and costs, did not pass on defendant's alleged violations of Rule 11 but, instead, concluded that plaintiffs were entitled to attorney's fees and costs under Colorado law in light of the holdings in Allstate Insurance Co. v. Robins, 597 P.2d 1052 (Colo.App.1979) and Hedgecock v. Stewart Title Guaranty Co., 676 P.2d 1208 (Colo.App.1983). According to the district court, Allstate and Hedgecock indicate that Colorado requires an insurer like defendant, who guesses wrong as to its duty and forces a declaratory judgment proceeding, to bear the expenses of such litigation so that the very purpose of an insurance contract is not frustrated.
 
 
 4
 In our view, while the district court's decision is sensitive to plaintiffs' predicament, it is not supported by Colorado law. Under Colorado law, attorney's fees and costs are generally not recoverable by a prevailing party in litigation in the absence of a statute, court rule, or contract to the contrary. See Bunnett v. Smallwood, 793 P.2d 157, 160 (Colo.1990) (discussing so-called "American Rule"). To the extent Allstate and Hedgecock may create exceptions to this controlling rule, those exceptions do not extend to the circumstances of this case.
 
 
 5
 In Allstate, the Colorado Court of Appeals held that recovery of attorney's fees incurred by an insured in defense of a declaratory judgment action brought by the insurer was appropriate under a policy provision that provided for payment to the insured of "reasonable expenses ... incurred at the [insurer's] request." Allstate, 597 P.2d at 1053. The holding in Allstate stands only for the proposition that attorney's fees may be recovered as provided under the express terms of a contract. Allstate is distinguishable from this case since there is no express language in the policy issued by defendant which could be interpreted, however expansively, to permit plaintiffs to recover their fees incurred during the pendency of this action.
 
 
 6
 Hedgecock involved a claim for breach of contract based on a title insurer's refusal to perform its contractual duty to render the insured's title marketable. Hedgecock, 676 P.2d at 1209. The Colorado Court of Appeals, citing Allstate, held that attorney's fees were recoverable as consequential damages for breach of the contract in order to restore the insured to the position she would have occupied if the title insurer had honored its contract of insurance in the first place. Id. at 1211. This case, however, is a declaratory judgment action and not an action for breach of contract. Hedgecock does not show any intention on the part of Colorado to make attorney's fees generally available in an action, such as this one, which is brought to declare the contractual rights of parties to an insurance policy.
 
 
 7
 On appeal, plaintiffs have not constrained their arguments to the applicability of Hedgecock and Allstate. Instead, plaintiffs have also raised two alternative grounds to support the district court's award of attorney's fees and costs. First, plaintiffs contend that the subject of this declaratory judgment action is attorney's fees. Therefore, according to plaintiffs, this case falls within an exception recognized by the Colorado Supreme Court to the general rule against recovery of attorney's fees which permits such recovery when attorney's fees are the "subject" of the action. See Bunnett, 793 P.2d at 161. As we read this exception, however, it is simply a reformulation of the rule in Hedgecock and permits recovery of attorney's fees incurred in prosecuting an action only if those fees are sought as consequential damages arising from a claim pursued in the action. See Bunnett, 793 P.2d at 161 ("[W]e agree that there is an exception to the American rule when the attorney's fees (i.e., those sought) are the subject of the lawsuit.") (emphasis added). Thus, for example, recovery of attorney's fees is not warranted under this exception for successful defense of an action on the ground that it is barred by a release; attorney's fees, however, may be recovered for prevailing on a counterclaim which alleged breach of the release and sought attorney's fees as consequential damages for that breach. Id. at 160-61 (citing Anchor Motor Freight, Inc. v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local Union No. 377, 700 F.2d 1067, 1072 (6th Cir.), cert. denied, 464 U.S. 819 (1983), which permitted recovery of attorney's fees and costs as a measure of the actual damages arising from a defendant's counterclaim charging breach of a covenant not to sue contained in a collective bargaining agreement). Here, the attorney's fees and costs incurred by plaintiffs in prosecuting their declaratory judgment action are not sought as the consequential damages of a claim they pursued in this action. Thus, plaintiffs are not entitled to attorney's fees and costs under this exception.
 
 
 8
 Next, plaintiffs contend that this case falls within another exception recognized by the Colorado Supreme Court to the general rule against recovery of attorney's fees. This exception permits an award of attorney's fees to make a party whole in an action for breach of trust or breach of fiduciary duty. See Buder v. Sartore, 774 P.2d 1383, 1390-91 (Colo.1989). However, because this is a declaratory judgment action and not an action for breach of trust or fiduciary duty, this exception, like the rule in Hedgecock, is not applicable to this case.
 
 
 9
 Accordingly, the judgment of the district court awarding plaintiffs' attorney's fees and costs incurred in the prosecution of this action based on Colorado law is REVERSED. As for plaintiffs' request for attorney's fees pursuant to Rule 11, defendant suggests, without opposition by plaintiffs, that we remand this case for the limited purpose of determining whether defendant violated Rule 11. The district court is in the best position to determine whether any violation of Rule 11 occurred. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2460 (1990) (whether a litigant's position is factually well grounded and legally tenable for Rule 11 purposes is a "fact specific" determination which district court is "better positioned" to make). Therefore, this case is REMANDED for the limited purpose of determining the propriety of any Rule 11 sanction.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3