**ALLSTATE INSURANCE COMPANY,**
Plaintiff–Appellant,

v.

**Paul Walter ORBAN, Defendant–**
**Appellee.**

**No. 91CA1451.**

Colorado Court of Appeals,
Div. III.

Nov. 19, 1992.

Rehearing Denied Jan. 21, 1993.

Certiorari Granted July 6, 1993.

Cross–Petition for Certiorari
Denied July 6, 1993.

Wayne L. Johnson, Littleton, for plaintiff-appellant.

Miller & McCarren, P.C., J. Kent Miller, Thomas J. Helms, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Allstate Insurance Company, appeals from the summary judgment of the trial court that awarded its insured, defendant, Paul Walter Orban, attorney fees incurred by him in defending against this declaratory judgment action instituted by Allstate. We reverse and remand with directions.

Allstate issued a homeowner's policy to defendant's father. Defendant was an "insured person" under the terms of that policy.

That policy provided protection against "accidental loss which an insured person [becomes] legally obligated to pay because of bodily injury...." Excluded from the terms of this coverage, however, was any

bodily injury which might reasonably be expected to result from "the intentional or criminal acts of an insured person or which in fact are intended by an insured person."

In addition, the policy required any insured person, in the case of any bodily injury falling under its terms, to:

a) Promptly notify [Allstate] or [its] agent in writing, stating:

1) your name and policy number;

2) the date, the place and circumstances of the loss;

3) the name and address of anyone who might have a claim against an insured person;

4) the names and addresses of any witnesses.

b) Promptly send us any legal papers relating to the accident.

Finally, the policy provided that Allstate would pay any "reasonable expenses incurred by an insured person at our request."

From the information presented to the trial court by the parties in conjunction with defendant's motion for summary judgment, it appears that on October 1, 1988, defendant became involved in a physical altercation while at a college football game as a result of which he was arrested and charged with third degree assault, *i.e.*, knowingly and recklessly causing bodily injury to another. Defendant was served with a summons containing such allegations on that date.

Defendant did not notify Allstate or its agent of this incident; neither did his father.

Several months later, in May 1989, defendant received a letter from an attorney representing a woman who had allegedly been injured by defendant's actions on October 1. This letter detailed the various injuries that the woman had allegedly received and advised defendant that the attorney had been retained to "pursue [the client's] legal remedies against you" because of the "substantial injuries" she had received.

Shortly after receipt of this letter, defendant spoke by telephone with this attorney.

The attorney's affidavit asserts that Allstate's homeowner's policy was a specific subject of this conversation and that he requested defendant to provide a copy of the policy for the attorney's review, which defendant refused to do.

Defendant's description of this conversation varies somewhat. However, his affidavit contains no denial that the attorney requested to be provided a copy of the insurance policy. He says, merely, that he did not know that the policy provided liability coverage or that he was an insured person under its terms.

Neither defendant nor his father made any report to Allstate or its agent either of this letter or of the later telephone conversation.

On January 24, 1990, some 16 months after defendant's alleged assault and some 8 months after defendant's conversation with the attorney, suit was instituted against defendant, and defendant's father notified Allstate of that suit the following day. It is conceded that this notification was the first time that Allstate had any knowledge of the October 1, 1988, incident or of the alleged bodily injuries that occurred as a result.

Nevertheless, Allstate undertook to defend the claim asserted under a reservation of rights. That litigation resulted in a judgment for defendant in November 1990.

While that litigation was pending, however, Allstate commenced this declaratory judgment action in which it sought a declaration that its policy did not provide coverage for the injuries alleged, so that Allstate would not be liable under its terms to indemnify defendant for any judgment entered against him. The claim set forth in its complaint appears to rely both upon the exclusion for criminal and intentional acts and upon its failure to be notified promptly of the alleged injury.

Defendant's answer to this complaint, as finally amended, contained a counterclaim which asserted that, because Allstate had "requested" defendant to defend this declaratory judgment action, he was entitled

to recover the expenses incurred by him in this action, including his attorney fees.

In reply to this counterclaim, Allstate affirmatively alleged that defendant had breached the provisions of the policy by failing promptly to notify it of the claim asserted against him. In addition, Allstate's reply asserted other affirmative defenses, including waiver and estoppel.

After the tort litigation with the third party was successfully defended by Allstate, it moved to dismiss its complaint in this action, alleging that its further prosecution would be pointless under the circumstances. Defendant agreed to such dismissal, but refused to dismiss his counterclaim.

Thereafter, both parties moved for summary judgment on defendant's counterclaim, and the trial court, relying upon this court's opinion in *Allstate Insurance Co. v. Robins*, 42 Colo.App. 539, 597 P.2d 1052 (1979), entered judgment for defendant for some $12,000, representing defendant's costs and attorney fees incurred in the defense of this action. In entering such judgment, however, the trial court failed to determine whether the terms of the insurance policy had been breached by defendant or his father by their failure promptly to notify Allstate of the claim, as required by that policy.

■ In this appeal, Allstate argues that no judgment either for costs or for attorney fees may be entered against it until there is a determination that the affirmative defenses asserted by it, particularly its affirmative assertion that defendant violated the provisions of the insurance contract between the parties, are resolved in defendant's favor. We agree.

Even a prevailing party is normally not entitled to an award of attorney fees. One of the reasons for this rule is that it "does not penalize parties for merely asserting their legal positions." *Bunnett v. Smallwood*, 793 P.2d 157, 160 (Colo.1990).

■ In the absence of a statute or rule upon the subject, therefore, any agreement of the parties for fees must establish a plain and unambiguous basis for their award. *Bunnett v. Smallwood, supra* (although breach of covenant not to sue resulted in expenditure of fees that agreement was designed to prevent, such fees were not recoverable); *Rhodes v. COPIC Insurance Co.*, 819 P.2d 1060 (Colo.App. 1991). *Cf. Wheeler v. Reese*, 835 P.2d 572 (Colo.App.1992) (if title insurance company violates contract of title insurance by refusing to defend suit that is within scope of coverage, insured may collect, as damages, costs of defense, including attorney fees); *Hedgecock v. Stewart Title Guaranty Co.*, 676 P.2d 1208 (Colo.App.1983) (same).

Nevertheless, several years before *Smallwood*, in *Allstate Insurance Co. v. Robins, supra*, a panel of this court held that a provision in a policy similar to the one here, that requires Allstate to pay reasonable expenses incurred at its request, authorized an award to the insured of attorney fees incurred in successfully defending against a declaratory judgment action.

The rule adopted by the *Robins* court finds support in the decisions of other courts. *See Security Mutual Casualty Co. v. Luthi*, 303 Minn. 161, 226 N.W.2d 878 (1975); *Occidental Fire & Casualty Co. v. Cook*, 92 Idaho 7, 435 P.2d 364 (1967). *Contra Carroll v. Handover Insurance Co.*, 266 Cal.App.2d 47, 71 Cal. Rptr. 868 (1968).

However, both *Robins* and the other cases holding that such a reimbursement provision authorizes an award of attorney fees are based upon the underlying premise that the policy was, in fact, applicable in the circumstances. Construing the provision to authorize the award of fees in such instances, therefore, results only in restoring the insured to the position the insured would have occupied had the carrier properly honored the policy provisions in the first instance. *See Allstate Insurance Co. v. Robins, supra.*

In contrast, here, there has been no determination made that the policy provisions would have required Allstate to indemnify the defendant had the third-party litigation resulted in a judgment against him. And, we have discovered no case from any jurisdiction holding that an insured is entitled to

an award of attorney fees under a similar policy provision even if the court determines that the policy does not apply to the claim that is the subject of the declaratory judgment action. On the contrary, both in the *Robins* case and all the others, an award of fees came only after the insured successfully demonstrated that the policy did apply to the circumstances involved.

While it is true that Allstate dismissed its declaratory judgment action on the grounds of practical mootness, the issue whether there was an unreasonable delay in reporting the incident to Allstate in violation of the policy provisions was raised as an affirmative defense to defendant's counterclaim. Hence, defendant cannot recover on his counterclaim absent an adjudication that that defense is not meritorious.

The duty to report promptly, if not a promissory obligation assumed by defendant, was at least a condition precedent to Allstate's duty to perform its obligations under the policy. And, a failure by defendant to perform this condition would relieve Allstate of such obligations. *See Jensen v. American Family Mutual Insurance Co.,* 683 P.2d 1212 (Colo.App.1984) (failure to submit to physical examination). *See generally* Restatement (Second) of Contracts § 225 (1981).

Contrary to defendant's argument, Allstate's policy does not evidence an unambiguous intent that Allstate will pay the insured's attorney fees incurred for litigation in which Allstate is successful in demonstrating that the insured has failed to perform a necessary condition required by that policy. *See Bunnett v. Smallwood, supra.*

Because the trial court did not consider whether the materials submitted in opposition to defendant's motion established, as a matter of law, defendant's failure to perform this condition, we elect not to consider that issue on this appeal. Rather, we shall remand this cause to the trial court to allow it to determine whether the issue can be disposed of on the materials presently before it or whether a trial will be required.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

SMITH and ROTHENBERG, JJ., concur.