**Charles J. MIKEL, Jr., Appellant–Plaintiff,**

v.

**AMERICAN AMBASSADOR CASUALTY CO., Appellee–Defendant.**

**No. 18A02–9403–CV–120.**

Court of Appeals of Indiana, First District.

Dec. 13, 1994.

Donald K. McClellan, McClellan, McClellan, Brooke & Arnold, Muncie, for appellant.

John B. Drummy, James W. Roehrdanz, Eric D. Johnson, Kightlinger & Gray, Indianapolis, for appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Charles J. Mikel, Jr. appeals from a judgment in favor of his insurer, American Ambassador Casualty Co., in a declaratory judgment action Mikel brought to establish coverage under his policy with American Ambassador and to recover his attorney's fees in prosecuting the action. American Ambassador initially denied coverage for Mikel's newly-purchased automobile which was involved in an accident. After Mikel filed suit and after further investigation of the claim, American Ambassador granted coverage but refused to pay Mikel's attorney's fees. Mikel asserted he was entitled to recover attorney's fees under specific language in his American Ambassador policy. The trial court disagreed and entered judgment for American Ambassador.

We affirm.

### ISSUE

The issue presented is whether an insured is entitled to recover attorney's fees incurred in a declaratory judgment action brought by the insured to establish coverage where (1) the insured prevails in the coverage dispute and (2) the policy states that the insurer will pay all reasonable expenses "incurred at our request."

## DISCUSSION AND DECISION

### Standard of Review

■ The provisions of an insurance contract are subject to the same rules of construction as are other contracts. *Selleck v. Westfield Ins. Co.* (1993), Ind.App., 617 N.E.2d 968, 970, *trans. denied.* Accordingly, the construction of American Ambassador's policy presents a pure question of law that we review de novo. *See George S. May Int'l Co. v. King* (1994), Ind.App., 629 N.E.2d 257, 260, *trans. denied.*

### Attorney's Fees

■ Under the American Rule for recovery of attorney's fees, the parties to litigation are required to pay their own attorney's fees, absent an agreement, statute or rule to the contrary. *Johnson v. Sprague* (1993), Ind. App., 614 N.E.2d 585, 590. The basis for Mikel's attorney's fees claim is the following language in American Ambassador's policy:

> In addition to our limit of liability, we will pay on behalf of a **covered person:**
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> 5. Other reasonable expenses *incurred at our request.*

Record at 19 (emphasis added). Mikel argues that American Ambassador mistakenly denied coverage and, thus, should be required to pay his attorney's fees incurred in establishing coverage. Mikel essentially asks that we construe the phrase "expenses incurred at our request" to include expenses incurred in litigation brought by the insured for a declaration of coverage after the insurer has denied coverage.

### A. Plain and Ordinary Meaning

■ The term "request" is not defined in American Ambassador's policy with Mikel. There is no rule of construction that every term in an insurance contract must be defined. *Harden v. Monroe Guaranty Ins. Co.* (1993), Ind.App., 626 N.E.2d 814, 817, *trans. denied.* Rather, in interpreting an insurance contract we give undefined terms their plain and ordinary meaning. *Terre Haute First Nat. Bank v. Pacific Employers Ins. Co.* (1993), Ind.App., 634 N.E.2d 1336, 1338.

■ This court has previously defined "request" as meaning "to ask for, not to compel through legal action." *Gohn v. Akron School* (1990), Ind.App., 562 N.E.2d 1291, 1292; *accord American Heritage Dictionary* at 1105 (1981) ("1. To ask for ... 2. To ask (a person) to do something"). Here, American Ambassador did not ask Mikel to incur attorney's fees when it denied coverage. While Mikel's only recourse was to file suit, in the course of which he incurred attorney's fees, American Ambassador's denial of coverage did not constitute a "request" that Mikel incur such fees. *Cf. Gohn,* 562 N.E.2d at 1292 (school which filed suit against parents for unpaid textbook fees did not request payment under statute authorizing school to "request" unpaid fees from parents). According to the plain and ordinary meaning of that term, we conclude American Ambassador did not request that Mikel incur attorney's fees.

### B. Other Jurisdictions

Mikel cites decisions from other jurisdictions which have considered the question presented here. However, we agree with American Ambassador that those cases are distinguishable and do not apply to the instant case.

It is true that in many of the opinions relied upon by Mikel, the court considered insurance contracts which, like American Ambassador's policy with Mikel, contained a provision that the insurer shall pay all expenses incurred by the insured at the insurer's request. Nevertheless, nine of those cases are inapposite because they all involve claims by the insured for attorney's fees where, unlike in the present case, the insurer rather than the insured instituted a declaratory judgment action. *See American States Ins. Co. v. Angstman Motors, Inc.* (D.Mont. 1972), 343 F.Supp. 576; *Allstate Ins. Co. v. Robins* (1979), 42 Colo.App. 539, 597 P.2d 1052; *Occidental Fire & Casualty Co. v. Cook* (1967), 92 Idaho 7, 435 P.2d 364; *Upland Mut. Ins., Inc. v. Noel* (1974), 214 Kan. 145, 519 P.2d 737; *Bankers & Shippers Ins. Co. v. Electro Enterprises, Inc.* (1980), 287 Md. 641, 415 A.2d 278; *Security Mut. Casualty Co. v. Luthi* (1975), 303 Minn. 161, 226 N.W.2d 878; *Hegler v. Gulf Ins. Co.* (1978),

270 S.C. 548, 243 S.E.2d 443; *Farmers Ins. Co. v. Rees* (1982), 96 Wash.2d 679, 638 P.2d 580; *see also Milwaukee Mechanics Ins. Co. v. Davis* (5th Cir.1952), 198 F.2d 441 (applying Georgia law).[1]

Because Mikel and not American Ambassador brought suit for a declaration of coverage, American Ambassador's mere denial of Mikel's claim does not constitute a "request" under the policy language that he incur expense in the form of attorney's fees. This is not a case where the insurer rather than the insured brings a declaratory judgment action, and the insured is forced to defend and prevails. Some courts have held under such circumstances that the insurer "requested" that the insured incur attorney's fees.[2] *See, e.g., Robins,* 597 P.2d at 1053; *Cook,* 435 P.2d at 368; *Upland Mut.,* 519 P.2d at 743; *Security Mut.,* 226 N.W.2d at 884–85.

Only one case relied upon by Mikel involved an insured's claim for attorney's fees incurred in a declaratory judgment action where the insured rather than the insurer brought the action. In *Kelmo Enterprises, Inc. v. Commercial Union Ins. Co.* (1981), 285 Pa.Super. 13, 426 A.2d 680, the insurer refused to defend the insured in a tort action on the ground that the tort claim was not covered under the policy. *Id.* at 16–17, 426 A.2d at 681–82. The insured filed a declaratory judgment action and prevailed, and the trial court awarded the insured its attorney's fees in the action. *Id.* at 17, 426 A.2d at 682. The appellate court held:

> an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorneys' fees incurred in the declaratory judgment action if the insurer has, *in bad faith,* refused to defend the action brought by the third party.

*Id.* at 24, 426 A.2d at 685 (emphasis added). The appellate court affirmed the award of attorney's fees to the insured because the trial court specifically found that the insurer's refusal to defend was in bad faith. *Id.*

The decision in *Kelmo* is distinguishable from the present case on two crucial points. First, the court's opinion makes it clear that attorney's fees may be awarded against the insurer under the foregoing circumstances only when the insurer has acted in bad faith. The insurer's liability for attorney's fees is derived from a bad faith breach of its contractual duty to defend the insured. *Id.* Second, the court in *Kelmo* did not consider the issue raised by Mikel in this case: whether, absent bad faith, the insurer is liable for attorney's fees in a suit by the insured where a policy provision states the insurer will pay all expenses incurred at the insurer's request.

Mikel has not alleged that American Ambassador acted in bad faith when it initially refused to provide him coverage under the policy. Moreover, Mikel's claim for attorney's fees is based upon language in American Ambassador's policy which provided that it would pay Mikel all expenses reasonably incurred at its request. Thus, the *Kelmo* decision does not control our resolution of this appeal.

Finally, Mikel relies upon the reasoning espoused in Appleman's treatise on insurance law which is prominent in many of the abovementioned cases from other jurisdictions. *See* 7C Appleman, *Insurance Law and Practice* § 4691 (1979). Appleman states:

---

1. The Supreme Court of Washington has expressly overruled its prior decision in *Farmers,* holding that "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action ... regardless of whether the insurer's duty to defend is at issue." *Olympic Steamship Co. v. Centennial Ins. Co.* (1991), 117 Wash.2d 37, 53, 811 P.2d 673, 681. The policy at issue in *Olympic Steamship* contained a provision similar to the one at issue in this case. In that action the insured brought suit against its insurer to compel coverage and prevailed, although the court did not base its decision on this fact. *See id.* at 51–53, 811 P.2d at 680–81. However, we decline to

> follow the rationale in *Olympic Steamship* that "allowing an award of attorney's fees will encourage the prompt payment of claims." *Id.* at 53, 811 P.2d at 681. The broad rule in that case does not require bad faith by the insurer and, as discussed below, we believe that insurers should be able to litigate claims in good faith without liability for their insured's attorney's fees.

2. We are not asked to decide, nor do we decide, whether when the insurer brings a declaratory judgment action and the insured prevails, the insurer has "requested" that the insured incur attorney's fees.

After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof.... [A rule that the insured may not recover attorney's fees] would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.

7C *id.* § 4691, at 283.

However, Appleman's commentary is inapposite. It is apparent from the text preceding the above-quoted observations that the author is referring to an insurer's liability for its insured's attorney's fees when the insurer, not the insured, institutes a declaratory action and does not prevail. 7C *id.* § 4691, at 281. Further, the rationale for this commentary is not based on a policy provision which authorizes recovery of expenses incurred by the insured at the insurer's request. Appleman's treatise instead suggests that, notwithstanding a basis in the policy language, the insured's recovery of attorney's fees is justified by the insurer's breach of its contractual duty to defend the insured. 7C *id.* § 4691, at 282–83. Thus, on this point Appleman's criticism is not persuasive because, even if the rule followed in *Kelmo Enterprises, Inc. v. Commercial Union Ins. Co.* applied in this case, under that rule a claim for attorney's fees based on a breach of contract theory requires bad faith by the insurer. *See Kelmo,* at 24, 426 A.2d at 685.

We hold that when the insured brings an action for a declaration of coverage and prevails, absent a bad faith denial of coverage by the insurer, attorney's fees incurred by the

insured in the prosecution of that action are not incurred at the "request" of the insurer. Our holding is consistent with the long-standing rule in Indiana that the insurer may dispute claims in good faith. *See Erie Ins. Co. v. Hickman* (1993), Ind., 622 N.E.2d 515, 520. "[T]he insurer is permitted to dispute its liability in good faith because of the prohibitive social costs of a rule which would make claims nondisputable."[3] *Id.* (quoting *Vernon Fire & Casualty Ins. Co. v. Sharp* (1976), 264 Ind. 599, 609–10, 349 N.E.2d 173, 181).

### C. The Insured's Claim

■ The relevant facts of this case are undisputed. On November 11, 1992, Mikel was involved in an automobile accident while driving a vehicle he had recently purchased. Two days later, Mikel notified his insurer, American Ambassador, that he had purchased the vehicle on November 9, 1992. American Ambassador conducted an initial investigation of Mikel's November 11 accident and discovered from an examination of the vehicle's certificate of title that Mikel had purchased it on January 19, 1990. American Ambassador then denied coverage for the vehicle under Mikel's policy because (1) the vehicle was not shown in the policy Declarations and (2) Mikel did not request that American Ambassador insure the vehicle within 30 days after he became the owner.[4]

Mikel subsequently filed this action seeking a declaration of coverage. Upon further inquiry into the vehicle's chain of title, American Ambassador could not ascertain whether Mikel had actually purchased the vehicle in 1990 instead of in November of 1992. Nevertheless, during the pendency of Mikel's declaratory judgment action, American Ambassador granted his request for coverage but refused to pay attorney's fees incurred in the suit.

There is no question that according to the plain and ordinary meaning of the term, American Ambassador did not "request" that Mikel file his declaratory judgment action.

**3.** Our holding is also consistent with a prevailing party's statutory right to attorney's fees in a civil action where the opposing party has litigated the action in bad faith. *See* IND.CODE § 34–1–32–1(b)(3).

**4.** Under Mikel's American Ambassador policy, his newly-purchased vehicle was a "covered auto" only if it satisfied one of these two conditions.

Mikel, not American Ambassador, brought this suit. It follows that American Ambassador did not request that he incur attorney's fees in prosecuting the action.

Further, Mikel has not alleged, nor does the evidence establish, that American Ambassador acted in bad faith when it initially denied Mikel's request for coverage of his newly-purchased vehicle. American Ambassador merely disputed in good faith whether the vehicle was covered under Mikel's policy after examining what appeared to be an erroneous certificate of title.

Accordingly, absent a policy provision authorizing recovery of attorney's fees, and absent bad faith by American Ambassador, Mikel may not recover his attorney's fees in this action. Mikel must pay his own fees pursuant to the American Rule. We conclude that the trial court properly denied Mikel's request for attorney's fees.

The judgment is affirmed.

FRIEDLANDER and CHEZEM, JJ., concur.