**CITIZENS INSURANCE COMPANY OF AMERICA, et al., Plaintiffs,**

v.

**Ronald A. CHARITY, et al., Defendants.**

**Civ. A. No. 93–2382–GTV.**

United States District Court, D. Kansas.

Dec. 19, 1994.

See also, 866 F.Supp. 1314.

A. Bradley Bodamer, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, Robert W. Schuller, Farmland Industries, Inc., Kansas City, MO, for Citizens Ins. Co. of America, Hanover Ins. Co.

Jerry R. Palmer, Palmer & Lowry, Topeka, KS, for Dickson Petrie.

Mark A. Buck, Christopher M. Rohrer, Davis, Unrein, Hummer, McCallister & Buck, Topeka, KS, for Interior Contractors, Inc., Joseph H. Krentz.

VAN BEBBER, District Judge.

### MEMORANDUM AND ORDER

This matter is before the court on the "Amended Motion for an Award of Attorneys' Fees as an Item of Costs" of Defendant Interior Contractors, Inc. (Doc. 62 & 61). Plaintiffs have responded and oppose the motion. For the reasons stated in this memorandum and order, the motion is granted as to the plaintiff Citizens Insurance Company of America.

Defendant Interior Contractors, Inc. (ICI) requests an award of attorneys' fees and expenses pursuant to Fed.R.Civ.P. 54(d)(2). A party may make a request for attorneys' fees and nontaxable expenses by motion filed within 14 days after entry of judgment. The motion must specify the judgment and set forth the applicable grounds entitling the moving party to the award. Fed.R.Civ.P. 54(d)(2)(A), (B). Defendant ICI has complied with the rule. In accordance with Rule 54(d)(2)(C), the court makes the following findings of fact and conclusions of law in its judgment awarding attorneys' fees and expenses.

*Findings of Fact*

Citizens Insurance Company and Hanover Insurance Company brought this declaratory judgment action against their insured, defendant ICI, and two other defendants, Ronald Charity and Dickson Petrie. Defendant Charity was driving an ICI vehicle insured by plaintiffs when he was involved in an accident with defendant Petrie. Plaintiffs sought to determine whether defendant Charity had insurance coverage for the accident. The court held in a previous memorandum and order dated November 10, 1994 (Doc. 59) that Charity was covered under the insurance policies issued by plaintiffs. Judgment was entered and the case was dismissed (Doc. 60).

*Conclusions of Law*

Under Kansas law, defendant is not entitled to attorneys' fees unless they are authorized by statute or provided for by contract. *Farmers Casualty Co. (Mutual) v. Green*, 390 F.2d 188, 192 (10th Cir.1968). Defendant does not cite any statutory authorization. Instead, defendant asserts that an award of attorneys' fees is appropriate under Kansas law as announced in *Upland Mutual Ins., Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974).

In *Upland*, the insurer brought a declaratory judgment action seeking a determination of its liability and duty to defend an underlying action for negligent entrustment of an automobile under a homeowner's liability policy it had issued. The court found that there was coverage and held that the insurance company must pay the reasonable attorneys' fees and expenses incurred by the insured in defending the declaratory judgment action. *Id.* at 151–52, 519 P.2d at 742. The court found that the company wrongly refused to defend the insured in the underlying tort action. The court recognized a split of authority on the subject of awarding attor-

neys' fees in a declaratory judgment action, but found persuasive the argument that when an insurer contracts to defend the insured and guesses wrongly as to its duty, then the insurer should bear the consequences. *Id.* at 152, 518 P.2d at 742 (quoting 7A Appleman, Insurance Law and Practice § 4691 (1962)).

The policy in *Upland* provided that "this Company shall pay, in addition to the applicable limits of liability ... all reasonable expense, other than loss of earnings, incurred by the insured at this Company's request." *Id.* at 147, 519 P.2d at 739. The filing of a declaratory judgment action was interpreted as a "request" under the policy language. *Id.* at 152, 519 P.2d at 742–43. The court concluded that the company was obligated under the "request" section of the policy to reimburse the expenses incurred in the insured's defense of the declaratory judgment action.

In *North River Ins. Co. v. Huff*, 628 F.Supp. 1129, 1135 (D.Kan.1985), the court reached the same conclusion as in *Upland* under similar contract language. The contract for insurance stated that "[t]he company shall pay the insureds for all reasonable expenses other than salaries, wages and loss of earnings incurred at the company's request...." *Id.* The court held that defense of a declaratory judgment action brought by the insurer was a "request" by the insurer and obligated the company to reimburse the insured.

The courts in *Upland* and *North River* based their holdings on similar insurance contract language. *See e.g., Allstate Ins. Co. v. Robins*, 42 Colo.App. 539, 597 P.2d 1052, 1053 (1979) (the cases involve construction of the phrase, "the company shall reimburse the insured for all reasonable expenses incurred at the company's request"). In holding that an award of attorneys' fees is proper, the courts allow recovery as a matter of contract. *Id.*

 In the present case, the Hanover commercial umbrella insurance policy provides in pertinent part:

**Supplementary Payments**
We will pay, with respect to any claim or "suit" we defend:

\* \* \* \* \* \*

(d) All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit" including actual loss of earnings up to $100 a day because of time off from work.

Plaintiffs argue that the policy language is much more limited than in *Upland* and that the contract does not contemplate the reimbursement of attorneys' fees and expenses in the context of a declaratory judgment action. In support, plaintiffs cite *Allstate Ins. Co v. Brown*, 920 F.2d 664 (10th Cir.1990). In *Allstate*, the insurance contract provided: "When we defend an insured person under this part, we will pay ... other reasonable expenses incurred at our request." *Id.* at 672. Although the insurer had prevailed in the declaratory judgment action, the court considered awarding attorneys' fees under the insurance policy. *Allstate* was decided under Oklahoma law. Nevertheless, the court considered the Kansas Supreme Court's award of attorneys' fees under a similar clause in *Upland*. The court concluded that the policy language in *Upland* "was broader than the one here and could be read to apply to the fees and costs stemming from a declaratory judgment action." *Id.* The court interpreted the language "we defend" contained in the Allstate policy to require reimbursement of expenses related only to the defense of the underlying tort action, but not those incurred in a declaratory judgment action.

The case before the court involves two insurance policies issued to ICI: Citizens issued a business auto policy, and Hanover issued a commercial umbrella policy. Plaintiffs failed to quote the language from the Citizens insurance policy to the court. Instead, plaintiffs represented to the court in its response to ICI's motion that "[t]he 'request' clause in plaintiffs' policies is very similar to that found in *Allstate* and is much narrower than that found in *Upland*...." Plaintiffs proceeded to quote only the Hanover policy language as representative of both insurance policies.

The Citizens business auto policy provides in pertinent part:

**2. Coverage Extensions**

a. Supplementary Payments. In addition to the Limit of Insurance, we will pay for the "insured":

\* \* \* \* \* \*

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earning up to $100 a day because of time off from work.

Although both plaintiffs are represented by the same counsel, no explanation has been given for the failure to accurately quote both the Hanover and the Citizens insurance policies. This omission was misleading and placed an unnecessary burden on the court.

The court concludes that the Hanover policy is similar to the policy in *Allstate,* but that the Citizens policy is similar to the policy in *Upland.* The court concludes that although the insurance policy issued to defendant ICI by Hanover does not contemplate payment of attorneys' fees and expenses incurred in a declaratory judgment action, the Citizens policy does provide for such an award. In accordance with *Upland,* Citizens' filing of a declaratory judgment action constitutes a "request" on the part of Citizens under the contract language, and therefore the company is obligated to reimburse ICI.

ICI has submitted detailed records of its attorneys' fees and expenses and requests $9,595.67. Plaintiffs object to the "reasonableness" of the expenses incurred. Plaintiffs argue that it was not necessary for ICI to defend the declaratory judgment action because they denied coverage to Charity, not to ICI. The court finds this argument unpersuasive. Plaintiffs have not objected to any specific item charged. The court has reviewed defendant ICI's request and finds that the expenses incurred by ICI in defending this declaratory judgment action were reasonable. The court concludes that attorneys' fees and expenses should be awarded to ICI in the amount of $9,595.67 against plaintiff Citizens Insurance Company.

IT IS, THEREFORE, BY THE COURT ORDERED that the "Amended Motion for an Award of Attorneys' Fees as an Item of Costs" (Doc. 62 & 61) is granted and that judgment shall be entered against plaintiff Citizens Insurance Company in accordance with the findings and conclusions contained in this Memorandum and Order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**